■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v PEDRO ACEVEDO, Appellant. [742 NYS2d 833] —Judgment, Supreme Court, New York County (Ronald Zweibel, J.), rendered January 5, 1999, convicting defendant, after a jury trial, of criminal sale of a controlled substance in or near school grounds, criminal sale of a controlled substance in the third degree and criminal possession of a controlled substance in the third degree, and sentencing him, as a second felony offender, to concurrent terms of 7 to 14 years, unanimously modified, as a matter of discretion in the interest of justice, to the extent of reducing the sentences to concurrent terms of 5 to 10 years, and otherwise affirmed.

The court properly exercised its discretion in denying defendant's last-minute request for a two-week adjournment for the purpose of locating a witness. Defendant made no offer of proof whatsoever, and therefore made no showing that the absent witness's testimony would be material, noncumulative, and favorable to the defense (*Matter of Anthony M.*, 63 NY2d 270, 283-284). "The party requesting the continuance bears the burden of showing that the witness is material." (*People v Bell*, 160 AD2d 477, 478, citing *People v Foy*, 32 NY2d 473, 476.) Moreover, since the expected testimony of this witness remains unknown, there is no basis upon which to find that defendant was prejudiced by the court's ruling. Furthermore, given the vague nature of counsel's knowledge of the witness's whereabouts, the court was given no reason to believe that counsel would be able to locate her or that she would be willing to testify. To the extent that defendant is raising a constitutional claim, such claim is unpreserved and we decline to review it in the interest of justice. Were we to review such claim, we would find no impairment of defendant's right to present a defense.

Read in context, the prosecutor's summation remark concerning her inability to call as a witness the buyer in this observation sale case was a reasonable explanation of the buyer's unavailability and was responsive to the defense summation. To the extent that the comment, read literally, was legally incorrect, it could not have caused defendant any prejudice and does not warrant reversal (*see*, *People v D'Alessandro*, 184 AD2d 114, 118-119, *lv denied* 81 NY2d 884).

The court meaningfully responded to a note from the deliberating jury. The court reasonably interpreted the note, and the record establishes that the readback included all the testimony that the jury actually requested (*see, People v Brown,* 287 AD2d 341, *lv denied* 97 NY2d 702; *People v Valez,* 256 AD2d 135, *lv denied* 93 NY2d 879).

We find the sentences excessive to the extent indicated. Concur—Tom, J.P., Andrias, Saxe, Ellerin and Wallach, JJ.