■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v ELMIR SOFTIC, Appellant. [793 NYS2d 656]—

Appeal from a judgment of the Oneida County Court (Michael L. Dwyer, J.), rendered May 3, 2004. The judgment convicted defendant, upon a jury verdict, of criminal contempt in the first degree (five counts) and aggravated harassment in the second degree (five counts).

It is hereby ordered that the judgment so appealed from be and the same hereby is unanimously affirmed.

Memorandum: On appeal from a judgment convicting him of five counts of criminal contempt in the first degree (Penal Law § 215.51 [b] [iii], [iv]) and five counts of aggravated harassment in the second degree (§ 240.30 [1]), defendant contends that the evidence is legally insufficient to support the conviction and that the verdict is against the weight of the evidence. Viewing the evidence in the light most favorable to the People, and according the People the benefit of every reasonable inference, we conclude that the evidence is legally sufficient to support the conviction (*see People v Thompson*, 72 NY2d 410, 413 [1988], *rearg denied* 73 NY2d 870 [1989]; *People v Ford*, 66 NY2d 428, 437 [1985]). We further conclude that the verdict is not against the weight of the evidence (*see People v Bleakley*, 69 NY2d 490, 495 [1987]).

Defendant further contends that County Court erred in denying his request for a one-day adjournment. The victim, defendant's wife, testified that defendant called her on five separate occasions in violation of an order of protection and on each occasion threatened to kill her. The victim further testified that defendant's telephone number in Indiana showed up on her caller ID on each occasion. Defendant introduced into evidence his telephone bill from Indiana for the period in question, which did not show any calls to the victim's residence in Utica. The victim responded that, based on past practice, she knew that defendant used a long-distance calling card. Defendant requested a one-day adjournment to bring in a representative of the telephone company to testify regarding the use of caller ID and whether a calling card number or some other number would show up on caller ID. The court denied the request for a one-day adjournment.

The court did not abuse its discretion in denying defendant's request for an adjournment (*cf. People v Foy*, 32 NY2d 473, 476-477 [1973]). It is incumbent on a defendant seeking an adjournment to procure a witness to show that the witness's testimony would be material, noncumulative and favorable to the defense (*see People v Acevedo*, 295 AD2d 141 [2002], *lv denied* 98 NY2d 766 [2002]). Defendant failed to sustain his burden of showing, by an offer of proof, that the testimony of the witness would be "favorable to the defense" (*Matter of Anthony M.*, 63 NY2d 270, 284 [1984], citing *People v Singleton*, 41 NY2d 402, 406 [1977]). Present—Pigott, Jr., P.J., Scudder, Gorski, Martoche and Lawton, JJ.