THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v FREDDIE LONDRELL WALKER, Appellant. [813 NYS2d 600]—

Appeal from a judgment of the Supreme Court, Monroe County (David D. Egan, J.), rendered May 6, 2003. The judgment convicted defendant, upon a jury verdict, of murder in the second degree, assault in the second degree, criminal possession of a weapon in the second degree (two counts) and criminal possession of a weapon in the third degree.

It is hereby ordered that the judgment so appealed from be and the same hereby is reversed on the law and a new trial is granted on counts one and three through six of the indictment.

Memorandum: Defendant appeals from a judgment convicting him after a jury trial of, inter alia, murder in the second degree (Penal Law § 125.25 [1]) and assault in the second degree (§ 120.05 [2]). We reject the contention of defendant that Supreme Court erred in denying his *Batson* challenge. The People provided a race-neutral explanation for exercising the peremptory challenge at issue, and defendant failed to meet his burden of establishing that the prosecutor's explanation was pretextual (*see People v McCauley*, 19 AD3d 1130 [2005], *lv denied* 5 NY3d 808 [2005]; *People v Harris*, 1 AD3d 881, 882 [2003], *lv denied* 2 NY3d 740 [2004]).

We agree with defendant, however, that the court abused its discretion in denying his request for a 45-minute adjournment

to enable him to produce an alibi witness. It is well established that the decision whether to grant an adjournment "is a matter resting within the sound discretion of the trial court" (*Matter of Anthony M.*, 63 NY2d 270, 283 [1984]). It is also well established, however, that there is "a more liberal policy in favor of granting a short adjournment . . . when the delay is requested in order to insure a fundamental right" (*People v Foy*, 32 NY2d 473, 476-477 [1973]), e.g., the request for an adjournment to produce an alibi witness, and that the court's discretionary power is "more narrowly constru[ed]" in those circumstances (*id.*; *see Matter of John W.*, 227 AD2d 981 [1996]).

Contrary to the People's contention, there is no evidence of dilatory conduct on the part of defendant. The record establishes that the alibi witness subpoenaed by defendant was seriously ill and that defense counsel requested the adjournment in order to present the alibi testimony of that witness's son. In addition, there is no indication in the record that the proposed alibi testimony would be cumulative to other evidence presented inasmuch as no other alibi testimony had been presented concerning defendant's precise whereabouts at the time of the shooting (*see generally People v Brown*, 4 AD3d 790, 791 [2004]; *People v Smith*, 225 AD2d 1030, 1031 [1996]). Because the proposed testimony of the alibi witness was pivotal with respect to the issue of defendant's guilt, we conclude that defendant was denied the fundamental right to defend himself. The judgment therefore must be reversed and a new trial granted on counts one and three through six of the indictment (*see John W.,* 227 AD2d 981 [1996]).

All concur except Kehoe and Hayes, JJ., who dissent and vote to affirm in the following memorandum.

Kehoe and Hayes, JJ. (dissenting). We respectfully dissent and would affirm. We cannot agree with the majority that Supreme Court abused its discretion in denying the request of defendant for an adjournment to enable him to produce an additional witness (*see generally Matter of Anthony M.*, 63 NY2d 270, 283 [1984]). After calling eight witnesses to testify on behalf of defendant, defense counsel informed the court that there was one subpoenaed witness who could not be there because she was on bed rest, having been recently released from the hospital. Defense counsel also indicated that she was "hoping" to have the son of that witness testify even though defense counsel had not provided notice that he was an alibi witness and he was not under subpoena. Defense counsel made no offer of proof demonstrating that the son's proposed testimony would be "material, noncumulative and favorable to the defense"

(*People v Softic*, 17 AD3d 1075, 1076 [2005], *lv denied* 5 NY3d 794 [2005]; *see Anthony M.*, 63 NY2d at 283-284; *People v Acevedo*, 295 AD2d 141 [2002], *lv denied* 98 NY2d 766 [2002]; *see also People v Nieves*, 290 AD2d 371 [2002]). Although the majority refers to the son as an "alibi witness," there is no offer of proof in the record that he would provide alibi testimony or, indeed, that he would provide testimony that was favorable to defendant. We also disagree with the majority (at 1117) that the son's proposed testimony was "pivotal" because "no other alibi testimony had been presented concerning defendant's precise whereabouts at the time of the shooting. . . ." The prosecution's main witness testified that he saw defendant shoot the victim at approximately 3:00 or 3:30 P.M. The police received the 911 telephone call reporting the shooting at approximately 3:30 or 3:45 P.M. Upon testifying at trial, defendant admitted that he had been at the scene of the crime at approximately 3:00 P.M., but he testified that he stayed there for only 10 minutes before walking back to his friend's vehicle. That friend confirmed that defendant stayed at the scene of the crime for only 10 minutes, and she testified that she then gave defendant a ride back to her house, which was 10 minutes away from the scene of the crime.

In sum, defendant utterly failed in our view to meet his burden of establishing his entitlement to an adjournment (*see Softic*, 17 AD3d at 1076). It therefore cannot be said that the court abused its discretion in denying defendant's request for an adjournment. Present—Pigott, Jr., P.J., Hurlbutt, Scudder, Kehoe and Hayes, JJ.