THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v JESUS O. MARTINEZ, Appellant. [891 NYS2d 811]—

Memorandum: Defendant appeals from a judgment convicting him upon a jury verdict of three counts of sodomy in the first degree (Penal Law former § 130.50 [3]) and one count of sexual abuse in the first degree (§ 130.65 [3]). Defendant failed to preserve for our review his contention that he was denied a fair trial based on cumulative error, i.e., the admission in evidence of testimony concerning child sexual abuse accommodation syndrome and the prosecutor's reference to that testimony on

summation, which allegedly constituted prosecutorial misconduct (*see* CPL 470.05 [2]). In any event, defendant's contention lacks merit. The testimony of the expert was properly admitted because he testified only in general terms with respect to the reasons for a child's failure to report incidents of sexual abuse immediately, and he did not render an opinion on the issue whether the victims in this case were in fact sexually abused (*see People v Carroll*, 95 NY2d 375, 387 [2000]; *People v Bassett*, 55 AD3d 1434, 1436-1437 [2008], *lv denied* 11 NY3d 922 [2009]; *People v Herington*, 11 AD3d 931 [2004], *lv denied* 4 NY3d 799 [2005]). Inasmuch as the testimony was properly admitted, the prosecutor's comments on summation concerning that testimony constituted fair comment on the evidence (*see generally People v Tolliver*, 267 AD2d 1007 [1999], *lv denied* 94 NY2d 908 [2000]).

Defendant further contends that Supreme Court erred in refusing to suppress his statement to the police because the People failed to establish at the suppression hearing that he was properly advised of his *Miranda* rights. We reject that contention. According to the evidence presented at the suppression hearing, the police officer who administered the *Miranda* warnings to defendant "was sufficiently trained and experienced in speaking and writing the Spanish language to enable him to properly advise the defendant of his *Miranda* rights" (*People v Turcios-Umana*, 153 AD2d 707, 707 [1989], *lv denied* 75 NY2d 777 [1989]; *see People v Restrepo-Velez*, 156 AD2d 488, 489 [1989]). The officer testified that he has spoken Spanish for his entire life, and he testified with respect to the English translation of the Spanish *Miranda* warnings that were administered to defendant. The translation establishes that the *Miranda* warnings in Spanish were substantively the same as those in English (*see People v Castillo*, 277 AD2d 129, 130 [2000], *lv denied* 96 NY2d 757 [2001]; *People v Jordan*, 110 AD2d 855 [1985]). Present—Centra, J.P., Peradotto, Green and Pine, JJ.