# SUPREME COURT OF THE STATE OF NEW YORK
## *Appellate Division, Fourth Judicial Department*

**218**
**KA 09-01206**
PRESENT: CENTRA, J.P., FAHEY, LINDLEY, GREEN, AND MARTOCHE, JJ.

---

THE PEOPLE OF THE STATE OF NEW YORK, RESPONDENT,

V                                        MEMORANDUM AND ORDER

ROBERT LAWRENCE, DEFENDANT-APPELLANT.

---

THE LEGAL AID BUREAU OF BUFFALO, INC., BUFFALO (KRISTIN M. PREVE OF COUNSEL), FOR DEFENDANT-APPELLANT.

ROBERT LAWRENCE, DEFENDANT-APPELLANT PRO SE.

FRANK A. SEDITA, III, DISTRICT ATTORNEY, BUFFALO (MICHAEL J. HILLERY OF COUNSEL), FOR RESPONDENT.

---

Appeal from a judgment of the Supreme Court, Erie County (John L. Michalski, A.J.), rendered May 13, 2009. The judgment convicted defendant, upon a jury verdict, of predatory sexual assault against a child and endangering the welfare of a child.

It is hereby ORDERED that the judgment so appealed from is unanimously affirmed.

Memorandum: Defendant appeals from a judgment convicting him upon a jury verdict of predatory sexual assault against a child (Penal Law § 130.96) and endangering the welfare of a child (§ 260.10 [1]). Defendant contends that he was denied his rights to due process and equal protection when the People prosecuted him for predatory sexual assault against a child rather than rape in the first degree (§ 130.35 [4]). Relying on *Apprendi v New Jersey* (530 US 466), defendant further contends that he was denied his right to a trial by jury because the prosecutor, and not the jury, decided that defendant should be subjected to a greater penalty. Defendant's contentions are not preserved for our review (*see generally People v Jackson*, 71 AD3d 1457, 1458, *lv denied* 14 NY3d 888; *People v Schaurer*, 32 AD3d 1241), and they are without merit in any event.

The elements of rape in the first degree under subdivision (4) of that statute are identical to the elements of predatory sexual assault against a child (*see* Penal Law § 130.35 [4]; § 130.96; *see also People v Scott*, 61 AD3d 1348, *lv denied* 12 NY3d 920, 13 NY3d 799). Predatory sexual assault against a child is a class A-II felony, however, while rape in the first degree is a class B felony. Where the elements of two crimes overlap, the prosecutor has "broad discretion" to decide which crime to charge (*People v Urbaez*, 10 NY3d 773, 775; *see People v*

*Eboli*, 34 NY2d 281, 287).  The fact that "under certain circumstances the crimes of rape in the first degree and [predatory sexual assault against a child] may be identical . . . does not . . . amount to a denial of equal protection" or due process (*People v Vicaretti*, 54 AD2d 236, 239; *see Eboli*, 34 NY2d at 287-288).  It is apparent that the Legislature intended the more serious offense of predatory sexual assault against a child to be charged where the rape occurs to a child less than 13 years old and the defendant is at least 18 years old (*see* Donnino, Practice Commentaries, McKinney's Cons Laws of NY, Book 39, Penal Law § 130.00, at 82).  Moreover, "the discretion to decide what is an 'exceptional' case warranting prosecution for the lower degree[] is entrusted to the prosecutor" (*Eboli*, 34 NY2d at 288), and we agree with the People that this is not an exceptional case.  In addition, "[t]here was no *Apprendi* violation because [Supreme C]ourt did not increase the penalty for the crime of which defendant had been convicted based upon facts not found by the jury" (*People v Adams*, 50 AD3d 433, 433, *lv denied* 10 NY3d 955).

We reject defendant's contention that the evidence is legally insufficient because of the uncertainty concerning the precise date on which the crime occurred (*see People v Alteri*, 49 AD3d 918, 919-920; *see generally People v Bleakley*, 69 NY2d 490, 495).  In addition, viewing the evidence in light of the elements of the crimes as charged to the jury (*see People v Danielson*, 9 NY3d 342, 349), we reject defendant's further contention that the verdict is against the weight of the evidence (*see generally Bleakley*, 69 NY2d at 495).  Defendant failed to preserve for our review his contention that he was denied a fair trial based on the testimony of an expert with respect to child sexual abuse accommodation syndrome (*see People v Martinez*, 68 AD3d 1757, 1757-1758, *lv denied* 14 NY3d 803), and in any event his contention is without merit.  "[E]xpert testimony regarding . . . abused child syndrome . . . may be admitted to explain behavior of a victim that might appear unusual or that jurors may not be expected to understand" (*People v Carroll*, 95 NY2d 375, 387; *see People v Taylor*, 75 NY2d 277, 287-288).  Here, the expert described specific behavior that might be unusual or beyond the ken of a jury but did not give an opinion concerning whether the abuse actually occurred (*see Martinez*, 68 AD3d at 1758).

Defendant contends that he was denied effective assistance of counsel based on defense counsel's failure to request that the court charge rape in the first degree as a lesser included offense of predatory sexual assault against a child.  Where, as here, the statutes contain identical language, it is for the court to determine whether to charge the lesser offense based on a reasonable view of the evidence, but such a charge "should be reserved for the 'unusual factual situation[,' which is] not presented by the evidence here" (*People v Discala*, 45 NY2d 38, 43).  Thus, defense counsel was not ineffective in failing to move for such a charge because any such motion would have had " 'little or no chance of success' " (*People v Caban*, 5 NY3d 143, 152).  We have examined the remaining allegations of ineffective assistance of counsel raised by defendant in the main brief and pro se supplemental brief and conclude that they lack merit

(*see generally People v Baldi*, 54 NY2d 137, 147). The sentence is not unduly harsh or severe. We have considered defendant's remaining contentions in the main brief and conclude that they are without merit.

Entered:  February 10, 2011                    Patricia L. Morgan
                                               Clerk of the Court