# SUPREME COURT OF THE STATE OF NEW YORK
## *Appellate Division, Fourth Judicial Department*

**727**

**KA 10-00025**

PRESENT: SMITH, J.P., FAHEY, CARNI, LINDLEY, AND GORSKI, JJ.

---

THE PEOPLE OF THE STATE OF NEW YORK, RESPONDENT,

V

MEMORANDUM AND ORDER

AARON COLLINS, DEFENDANT-APPELLANT.

---

THE LEGAL AID BUREAU OF BUFFALO, INC., BUFFALO (KRISTIN M. PREVE OF COUNSEL), FOR DEFENDANT-APPELLANT.

FRANK A. SEDITA, III, DISTRICT ATTORNEY, BUFFALO (MATTHEW B. POWERS OF COUNSEL), FOR RESPONDENT.

---

Appeal from a judgment of the Supreme Court, Erie County (John L. Michalski, A.J.), rendered April 24, 2009. The judgment convicted defendant, upon a nonjury verdict, of predatory sexual assault against a child and endangering the welfare of a child.

It is hereby ORDERED that the judgment so appealed from is unanimously modified on the law by reducing the mandatory surcharge to $250 and the crime victim assistance fee to $20 and as modified the judgment is affirmed.

Memorandum: Defendant appeals from a judgment convicting him upon a nonjury verdict of predatory sexual assault against a child (Penal Law § 130.96) and endangering the welfare of a child (§ 260.10 [1]). Contrary to the contention of defendant, his rights to due process and equal protection were not denied when the People prosecuted him for predatory sexual assault against a child rather than rape in the first degree (§ 130.35 [4]; *see People v Lawrence*, 81 AD3d 1326, 1326-1327; *People v Vicaretti*, 54 AD2d 236, 239-240). "The fact that 'under certain circumstances the crimes of rape in the first degree and [predatory sexual assault against a child] may be identical . . . does not . . . amount to a denial of equal protection' or due process" (*Lawrence*, 81 AD3d at 1326), and we conclude that this is not an exceptional case requiring the People to exercise their broad discretion to charge the lesser crime (*see id.* at 1327; *see generally People v Urbaez*, 10 NY3d 773, 775; *People v Eboli*, 34 NY2d 281, 287-288). We further conclude that Supreme Court properly denied defendant's request to consider criminal sexual act in the first degree (§ 130.50 [4]) as a lesser included offense of predatory sexual assault against a child (*see generally People v Discala*, 45 NY2d 38, 41-42; *Lawrence*, 81 AD3d at 1326-1327).

Defendant failed to preserve for our review his contention that

Penal Law § 130.96 is unconstitutional (*see People v Almarez*, 19 AD3d 1005, *lv dismissed* 6 NY3d 773, *amended on rearg* 21 AD3d 1438, *lv denied* 6 NY3d 752) and, in any event, the record does not establish that the requisite notice was given to the Attorney General with respect to that contention (*see* Executive Law § 71 [3]; *Almarez*, 19 AD3d 1005).  The further contention of defendant that the court violated *Apprendi v New Jersey* (530 US 466) is also unpreserved for our review (*see Lawrence*, 81 AD3d at 1326; *People v Phillips*, 56 AD3d 1168, *lv denied* 11 NY3d 928).  In any event, that contention is without merit " 'because [the c]ourt did not increase the penalty for the crime of which defendant had been convicted based upon facts' " that it did not find (*Lawrence*, 81 AD3d at 1327).

We reject defendant's contention that the evidence is legally insufficient to establish that he engaged in " '[o]ral sexual conduct' " (Penal Law § 130.00 [2] [a]; *see* § 130.50 [4]; *see generally People v Bleakley*, 69 NY2d 490, 495).  In addition, viewing the evidence in light of the elements of the crimes in this nonjury trial (*see People v Danielson*, 9 NY3d 342, 349), we reject defendant's further contention that the verdict is against the weight of the evidence (*see generally Bleakley*, 69 NY2d at 495).

Contrary to the contention of defendant, he was not denied a fair trial based on ineffective assistance of counsel (*see generally People v Baldi*, 54 NY2d 137, 147).  " '[D]efendant failed to demonstrate the lack of a strategic basis for the decision [of defense counsel not] to allow defendant to testify' " (*People v Riley*, 292 AD2d 822, 823, *lv denied* 98 NY2d 640), as well as his decision not to call certain witnesses to testify (*see People v Roman*, 60 AD3d 1416, 1417-1418, *lv denied* 12 NY3d 928; *see generally People v Benevento*, 91 NY2d 708, 712).  Defendant also failed to demonstrate the lack of a strategic basis for defense counsel's failure to make a written motion pursuant to CPL 330.30 to set aside the verdict (*see generally People v Conte*, 71 AD3d 1448, 1449).  "Contrary to defendant's contention, defense counsel's comments at the sentencing hearing were neither adverse to defendant's position, nor amounted to defense counsel becoming a witness against defendant" (*People v Loret*, 56 AD3d 1283, *lv denied* 11 NY3d 927; *cf. People v Lawrence*, 27 AD3d 1091).  We have examined the remaining allegations of ineffective assistance of counsel raised by defendant and conclude that they lack merit.  Viewing the evidence, the law and the circumstances of this case in totality and as of the time of the representation, we conclude that defense counsel provided meaningful representation (*see generally Baldi*, 54 NY2d at 147).

The sentence is not unduly harsh or severe.  As the People correctly concede, however, the mandatory surcharge and crime victim assistance fee should have been based on the statute in effect at the time of the crimes (*see* Penal Law § 60.35 [1] [a] [former (i)]; *People v Smith*, 57 AD3d 1410, 1411).  We therefore modify the judgment accordingly.

Entered:  June 17, 2011                          Patricia L. Morgan
                                                 Clerk of the Court