# SUPREME COURT OF THE STATE OF NEW YORK
## *Appellate Division, Fourth Judicial Department*

**1414**
**KA 11-01329**
PRESENT: SCUDDER, P.J., CENTRA, GREEN, GORSKI, AND MARTOCHE, JJ.

---

THE PEOPLE OF THE STATE OF NEW YORK, RESPONDENT,

V                                    MEMORANDUM AND ORDER

MAXWELL S. COAPMAN, DEFENDANT-APPELLANT.

---

D.J. & J.A. CIRANDO, ESQS., SYRACUSE (JOHN A. CIRANDO OF COUNSEL), FOR DEFENDANT-APPELLANT.

JON E. BUDELMANN, DISTRICT ATTORNEY, AUBURN (CHRISTOPHER T. VALDINA OF COUNSEL), FOR RESPONDENT.

---

Appeal from a judgment of the Cayuga County Court (Michael F. McKeon, A.J.), rendered May 20, 2010.  The judgment convicted defendant, upon a jury verdict, of criminal sexual act in the first degree (two counts), sexual abuse in the second degree (eight counts), criminal sexual act in the second degree (seven counts), rape in the second degree (two counts) and endangering the welfare of a child.

It is hereby ORDERED that the judgment so appealed from is unanimously affirmed.

Memorandum:  On appeal from a judgment convicting him after a jury trial of, inter alia, two counts of criminal sexual act in the first degree (Penal Law § 130.50 [4]) and two counts of rape in the second degree (§ 130.30 [1]), defendant contends that he was deprived of the right to fair notice of the charges against him because the dates in the indictment on which the offenses allegedly occurred were overbroad.  We reject that contention.  "In view of the age of the victim and the date on which she reported the crimes, we conclude that the one-month and two-month periods specified in the indictment provided defendant with adequate notice of the charges against him to enable him to prepare a defense" (*People v Franks*, 35 AD3d 1286, 1286, *lv denied* 8 NY3d 922; *see generally People v Morris*, 61 NY2d 290, 295-296).

We reject defendant's further contention that County Court abused its discretion in denying his request for an adjournment to secure the attendance of a defense witness.  "It is incumbent on a defendant seeking an adjournment to procure a witness to show that the witness's testimony would be material, noncumulative and favorable to the defense" (*People v Softic*, 17 AD3d 1075, 1076, *lv denied* 5 NY3d 794; *see People v Acevedo*, 295 AD2d 141, *lv denied* 98 NY2d 766).  While defendant established that the testimony of the proposed witness would

have been favorable to the defense, he failed to establish that the testimony was material.  Furthermore, the proposed witness was not scheduled to leave the country until the third day of trial, and the court offered to permit the witness to testify out of order or by video.  Because the court afforded defendant the opportunity to call the witness to testify before the witness's scheduled departure, we conclude that there has been no showing of prejudice such that it can be said that the court abused its discretion in denying defendant's request for an adjournment (*see People v Peterkin*, 81 AD3d 1358, 1360, *lv denied* 17 NY3d 799).

Contrary to defendant's contention, the court did not err in admitting in evidence a letter that defendant wrote to his adopted daughter discussing the alleged sexual abuse of the victim.  There were "sufficient assurances of the identity and unchanged condition of the evidence . . ., and thus any alleged gaps in the chain of custody went to the weight of the evidence, not its admissibility" (*People v Kennedy*, 78 AD3d 1477, 1478, *lv denied* 16 NY3d 798; *see People v Hawkins*, 11 NY3d 484, 494).  Defendant contends on appeal that the court erred in permitting an expert to testify with respect to child sexual abuse accommodation syndrome because the expert supervised the victim's therapist and was thus familiar with the victim's case.  That contention is not preserved for our review, however, inasmuch as defendant objected to the expert's testimony on a different ground at trial (*see e.g. People v Valentine*, 48 AD3d 1268, 1268-1269, *lv denied* 10 NY3d 871; *People v Smith*, 9 AD3d 745, 746-747, *lv denied* 3 NY3d 742).  In any event, we conclude that defendant's present contention lacks merit because "the expert described specific behavior that might be unusual or beyond the ken of a jury [and] did not give an opinion concerning whether the abuse actually occurred" (*People v Lawrence*, 81 AD3d 1326, 1327, *lv denied* 17 NY3d 797; *see People v Martinez*, 68 AD3d 1757, 1758, *lv denied* 14 NY3d 803).

Viewing the evidence, the law and the circumstances of this case in totality and as of the time of the representation, we conclude that defendant received meaningful representation (*see generally People v Baldi*, 54 NY2d 137, 147), and we further conclude that any deficiencies in the presentence report do not warrant reversal (*see People v Singh*, 16 AD3d 974, 977-978, *lv denied* 5 NY3d 769; *see also People v Rudduck*, 85 AD3d 1557, *lv denied* 17 NY3d 861).  In addition, viewing the evidence in light of the elements of the crimes as charged to the jury (*see People v Danielson*, 9 NY3d 342, 349), we conclude that the verdict is not against the weight of the evidence (*see generally People v Bleakley*, 69 NY2d 490, 495).  "[R]esolution of issues of credibility, as well as the weight to be accorded to the evidence presented, are primarily questions to be determined by the jury . . ., and the testimony of the victim . . . was not so inconsistent or unbelievable as to render it incredible as a matter of law" (*People v Witherspoon*, 66 AD3d 1456, 1457, *lv denied* 13 NY3d 942 [internal quotation marks omitted]).

Defendant failed to preserve for our review his contention that the court "improperly penalized him for exercising his right to a jury

trial, since he did not raise the issue at the time of sentencing"
(*People v Tannis*, 36 AD3d 635, *lv denied* 8 NY3d 927; *see People v
Dorn*, 71 AD3d 1523, 1523-1524).  We conclude in any event that his
contention lacks merit.  "[T]he mere fact that a sentence imposed
after trial is greater than that offered in connection with plea
negotiations is not proof that defendant was punished for asserting
[his] right to trial . . ., and the record shows no retaliation or
vindictiveness against the defendant for electing to proceed to trial"
(*Dorn*, 71 AD3d at 1524 [internal quotation marks omitted]).  Finally,
we reject defendant's challenge to the severity of the sentence, and
we note that the periods of postrelease supervision imposed on the
consecutive terms of imprisonment "shall merge with and be satisfied
by discharge of the period of post[]release supervision having the
longest unexpired time to run" (Penal Law § 70.45 [5] [c]).

Entered:  December 30, 2011                     Frances E. Cafarell
                                                Clerk of the Court