THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v CESAR URBINA, Appellant. [952 NYS2d 180]—

The court properly exercised its discretion in denying defendant's mistrial motion, made after the investigating detective stated, contrary to a prior ruling by the court, that he was currently assigned to the Sex Offender Monitoring Unit. The court's curative instruction made it clear that the reassignment had no relevance to this case (*see People v Santiago*, 52 NY2d 865 [1981]), and there is no reasonable possibility that the jury could have been misled into thinking that defendant was being monitored as a sex offender at the time of his arrest.

Defendant did not preserve his challenges to testimony about the victim's disclosure of the attack to a workplace supervisor, and testimony by the victim about the psychological aftereffects of the crime, and we decline to review them in the interest of justice. As an alternative holding, we also reject them on the merits. The report to the supervisor was admissible as a prompt outcry under the circumstances of the case (*see People v Mc-Daniel*, 81 NY2d 10, 16 [1993]; *People v Fabian*, 213 AD2d 298 [1st Dept 1995], *lv denied* 85 NY2d 972 [1995]), and defendant's defense opened the door to the victim's brief and limited testimony about psychological injury. In any event, any error in receiving any of this evidence was harmless (*see People v Crimmins*, 36 NY2d 230 [1975]).

Defendant's ineffective assistance of counsel claims are generally unreviewable on direct appeal (*see People v Love*, 57 NY2d 998 [1982]). On the existing record, to the extent it permits

review, we find that defendant received effective assistance under the state and federal standards (*see People v Benevento*, 91 NY2d 708, 713-714 [1998]; *see also Strickland v Washington*, 466 US 668 [1984]).

Defendant claims his trial counsel rendered ineffective assistance by failing to raise the issues that defendant raises on appeal concerning the prompt outcry and psychological trauma evidence. Defendant has not shown that counsel's failure to raise these issues fell below an objective standard of reasonableness, that raising these issues would have resulted in favorable rulings from the trial court or on this appeal, or that favorable rulings on one or both of these issues would have affected the outcome of the case.

Defendant also claims his counsel ineffectively represented him at sentencing in connection with a motion. We find that claim to be without merit. Defendant made a pro se CPL 330.30 motion, based primarily on matters outside the record, to set aside the verdict on the ground of ineffective assistance. Counsel acted properly by calling the court's attention to the potential conflict of interest and suggesting the appointment of a new attorney. The motion was both procedurally defective and meritless, and the court properly denied it without assigning new counsel.

We perceive no basis for reducing the sentence. Concur— Gonzalez, P.J., Sweeny, Acosta, Renwick and Manzanet-Daniels, JJ.