# SUPREME COURT OF THE STATE OF NEW YORK
## *Appellate Division, Fourth Judicial Department*

**615**

**KA 12-00766**

PRESENT: SMITH, J.P., CARNI, LINDLEY, VALENTINO, AND WHALEN, JJ.

---

THE PEOPLE OF THE STATE OF NEW YORK, RESPONDENT,

V                                              MEMORANDUM AND ORDER

JEFFREY LINDSEY, JR., DEFENDANT-APPELLANT.

---

TIMOTHY P. DONAHER, PUBLIC DEFENDER, ROCHESTER (JANET C. SOMES OF COUNSEL), FOR DEFENDANT-APPELLANT.

SANDRA DOORLEY, DISTRICT ATTORNEY, ROCHESTER (LEAH R. MERVINE OF COUNSEL), FOR RESPONDENT.

---

Appeal from a judgment of the Supreme Court, Monroe County (Francis A. Affronti, J.), rendered February 7, 2012. The judgment convicted defendant, upon a jury verdict, of aggravated driving while intoxicated, aggravated unlicensed operation of a motor vehicle in the first degree, driving while intoxicated and endangering the welfare of a child.

It is hereby ORDERED that the judgment so appealed from is unanimously affirmed.

Memorandum: On appeal from a judgment convicting him following a jury trial of aggravated driving while intoxicated (Vehicle and Traffic Law § 1192 [2-a] [b]), aggravated unlicensed operation of a motor vehicle in the first degree (§ 511 [3] [a]), driving while intoxicated (§ 1192 [3]), and endangering the welfare of a child (Penal Law § 260.10 [1]), defendant contends that Supreme Court abused its discretion in denying his request for an adjournment of the trial to secure an allegedly reluctant defense witness, i.e., defendant's girlfriend at the time of his arrest. We reject that contention.

"It is well established that the decision whether to grant an adjournment is a matter resting within the sound discretion of the trial court . . . It is also well established, however, that there is a more liberal policy in favor of granting a short adjournment . . . when the delay is requested in order to insure a fundamental right . . . , e.g., the request for an adjournment to produce an [exculpatory] witness, and that the court's discretionary power is more narrowly constru[ed] in those circumstances" (*People v Walker*, 28 AD3d 1116, 1117 [internal quotation marks omitted], *amended on rearg* 31 AD3d 1226; *see Chambers v Mississippi*, 410 US 284, 302). The proponent of an adjournment to secure witness testimony is required to show that he or she exercised "reasonable diligence" in procuring the witness's

testimony (*People v Becoats*, 17 NY3d 643, 652, *cert denied* ___ US ___, 132 S Ct 1970; *see People v Johnson*, 145 AD2d 573, 574, *lv denied* 73 NY2d 923).

Here, we conclude that the "court was justified in finding . . . that defense counsel did not act with reasonable diligence" in securing the witness's testimony (*Becoats*, 17 NY3d at 652).  Defense counsel acknowledged to the court that both she and defendant's investigator had spoken to the witness, and the witness was on defendant's witness list, thereby indicating that defendant understood that the witness would provide him with exculpatory testimony. Between arraignment and trial, however—a period of almost six months—defense counsel took no steps to secure the witness's appearance, but instead relied on the People, who had obtained a material witness order, to secure the witness's appearance at trial. Moreover, the record establishes that defense counsel spoke to the witness the night before she sought the adjournment, and the witness was in the courthouse, albeit with respect to her own criminal matter, on the day that defense counsel sought the adjournment.  Those facts undermine defense counsel's assertion to the court that the witness was difficult to locate.  We therefore perceive no abuse of discretion in the denial of the request for an adjournment (*see Walker*, 28 AD3d at 1117).

With respect to defendant's remaining contention, the People correctly concede that the court erred in admitting the affidavit of mailing in order to prove defendant's knowledge of the prior suspension of his license, which is an element of aggravated unlicensed operation of a motor vehicle in the first degree, because an affidavit of mailing is testimonial in nature (*see People v Pacer*, 6 NY3d 504, 507-508).  We nevertheless conclude that, in light of defendant's admission to the police that he knew his license had been suspended, the error is harmless (*see People v Douglas*, 4 NY3d 777, 779).

Entered:  June 12, 2015                      Frances E. Cafarell
                                             Clerk of the Court