■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v DERRICK McCLASSLING, Appellant. THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v KARACE BOWENS, Appellant. [39 NYS3d 140]—

Judgment, Supreme Court, New York County (Richard D. Carruthers, J.), rendered July 9, 2014, convicting defendant Derrick McClassling, after a jury trial, of criminal sale of a controlled substance in the third degree, and sentencing him, as a second felony drug offender previously convicted of a violent felony, to a term of six years, unanimously affirmed. Judgment, same court and Justice, rendered August 29, 2014, convicting defendant Karace Bowens, after a jury trial, of criminal sale of a controlled substance in the third degree, criminal possession of a controlled substance in the third degree, criminal possession of a controlled substance in the fourth degree (two counts) and criminal use of drug paraphernalia in the second degree, and sentencing him, as a second felony drug offender previously convicted of a violent felony, to an aggregate term of seven years, unanimously affirmed.

Defendant McClassling's ineffective assistance of counsel claim is unavailing (*see People v Benevento*, 91 NY2d 708, 713-714 [1998]; *Strickland v Washington*, 466 US 668 [1984]). Given the trial evidence, and even in the absence of an agency defense, counsel's concession that his client committed the crime of fourth-degree criminal facilitation did not constitute a concession that his client was also accessorially liable for the sale charge (*see* Penal Law §§ 20.00, 115.00, 220.39 [1]; *People v Watson*, 20 NY3d 182, 189 [2012]). The record fails to support McClassling's assertion that his counsel misunderstood the law regarding the relationship among sale, facilitation, and the agency defense (*compare People v Logan*, 263 AD2d 397 [1st Dept 1999], *lv withdrawn* 94 NY2d 798 [1999]).

The court properly denied defendant Bowens's suppression motion. There is no basis for disturbing the court's credibility

determinations, including, among other things, its rejection of the claim that Bowens was subjected to a public strip search.

The court correctly determined that because Bowens's ineffective assistance of counsel claim involved matters outside the record, his CPL 330.30 (1) motion was an improper vehicle to raise such a claim (*see People v Giles*, 24 NY3d 1066, 1068 [2014]; *People v Perry*, 266 AD2d 151, 151-152 [1st Dept 1999], *lv denied* 95 NY2d 856 [2000]), and the court properly denied the motion without assigning new counsel (*People v Urbina*, 99 AD3d 552, 553 [1st Dept 2012], *lv denied* 20 NY3d 989 [2012]). A new attorney would not have been able to overcome the rule that a CPL 330.30 (1) motion is limited to matters appearing on the record.

We find no basis for reducing Bowens's sentence. Concur—Tom, J.P., Renwick, Manzanet-Daniels, Gische and Webber, JJ.