# SUPREME COURT OF THE STATE OF NEW YORK
## *Appellate Division, Fourth Judicial Department*

**588**

**KA 15-01221**

PRESENT: CENTRA, J.P., LINDLEY, DEJOSEPH, NEMOYER, AND SCUDDER, JJ.

---

THE PEOPLE OF THE STATE OF NEW YORK, RESPONDENT,

V                                                    MEMORANDUM AND ORDER

JASON WILLIAMS, DEFENDANT-APPELLANT.

---

THE LEGAL AID BUREAU OF BUFFALO, INC., BUFFALO (ROBERT L. KEMP OF COUNSEL), FOR DEFENDANT-APPELLANT.

JOHN J. FLYNN, DISTRICT ATTORNEY, BUFFALO (DAVID A. HERATY OF COUNSEL), FOR RESPONDENT.

---

Appeal from a judgment of the Erie County Court (Thomas P. Franczyk, J.), rendered May 27, 2015.  The judgment convicted defendant, upon a jury verdict, of robbery in the first degree (four counts) and grand larceny in the fourth degree.

It is hereby ORDERED that the judgment so appealed from is unanimously affirmed.

Memorandum:  On appeal from a judgment convicting him upon a jury verdict of four counts of robbery in the first degree (Penal Law § 160.15 [1], [2] [two counts], [4]) and one count of grand larceny in the fourth degree (§ 155.30 [8]), defendant challenges the legal sufficiency of the evidence to support the robbery convictions, contending that the testimony of his accomplice was not sufficiently corroborated.  Defendant concedes that he failed to preserve that challenge for our review and, in any event, we reject defendant's contention.  The accomplice's testimony was corroborated by, inter alia, the testimony of other witnesses, certain physical and DNA evidence, and the testimony of his girlfriend that defendant told her that he committed a robbery with the accomplice (*see generally* CPL 60.22 [1]; *People v Reome*, 15 NY3d 188, 191-192; *People v Lipford*, 129 AD3d 1528, 1529, *lv denied* 26 NY3d 1041).  We also reject defendant's contention that defense counsel was ineffective for failing to preserve his legal sufficiency challenge for our review.  "A defendant is not denied effective assistance of trial counsel merely because counsel does not make a motion or argument that has little or no chance of success" (*People v Stultz*, 2 NY3d 277, 287, *rearg denied* 3 NY3d 702).  Viewing the evidence in light of the elements of the crimes as charged to the jury (*see People v Danielson*, 9 NY3d 342, 349), we further conclude that the verdict is not against the weight of the evidence (*see generally People v Bleakley*, 69 NY2d 490, 495).

We further reject defendant's contention that County Court erred in denying his pro se motion pursuant to CPL 330.30 without conducting a hearing, and without assigning new counsel. Initially, we note that, although defendant's motion purportedly sought relief pursuant to CPL 330.30 (3) based on newly discovered alibi evidence, the motion was in fact pursuant to CPL 330.30 (1), inasmuch as he alleged that he was denied effective assistance of counsel because he and his attorney "didn't agree upon a[n] alibi [defense]" and there were people in defendant's notice of alibi "who weren't even contacted by [counsel]." Defendant's motion involved matters outside the record and thus his "CPL 330.30 (1) motion was an improper vehicle to raise such a claim" (*People v McClassling*, 143 AD3d 528, 529, *lv denied* 28 NY3d 1148). Consequently, "the court properly denied the motion without assigning new counsel" (*id.*). Furthermore, even assuming, arguendo, that defense counsel took an adverse position on the motion, we conclude that reversal is not required based on the court's failure to assign new counsel because the comments of defense counsel had no impact on the fact that defendant's motion was inappropriate under CPL 330.30 (*see generally McClassling*, 143 AD3d at 529; *People v Collins*, 129 AD3d 1676, 1677, *lv denied* 26 NY3d 1038).

Defendant's contention that the photo arrays used to identify him were unduly suggestive is preserved for our review only in part, inasmuch as he did not preserve for our review his contention regarding his allegedly "hostile" facial characteristics or expressions (*see e.g. People v VanVleet*, 140 AD3d 1633, 1634, *lv denied* 28 NY3d 938). In any event, we conclude that defendant's contention lacks merit. The photo arrays shown to two witnesses were not unduly suggestive inasmuch as they did not " 'create a substantial likelihood that the defendant would be singled out for identification' " (*People v Gonzales*, 145 AD3d 1432, 1434). Defendant also failed to preserve for our review his contention that his statements to the police were rendered involuntary based on an "unorthodox inquiry procedure" (*see* CPL 470.05 [2]) and, in any event, that contention also lacks merit. The court properly determined, based on the totality of the circumstances, that the People met their burden of demonstrating voluntariness beyond a reasonable doubt (*see generally People v Guilford*, 21 NY3d 205, 208). Contrary to defendant's related contention, there is no basis for concluding that the recorded statements should be suppressed because they were not accurately recorded (*see People v Pearson*, 20 AD3d 575, 576, *lv denied* 5 NY3d 831).

Finally, the sentence is not unduly harsh or severe.

Entered: May 5, 2017                    Frances E. Cafarell
                                        Clerk of the Court