People v Pottinger (2024 NY Slip Op 03589)

People v Pottinger

2024 NY Slip Op 03589

Decided on July 3, 2024

Appellate Division, Fourth Department

Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.

This opinion is uncorrected and subject to revision before publication in the Official Reports.

Decided on July 3, 2024
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Fourth Judicial Department

PRESENT: WHALEN, P.J., LINDLEY, GREENWOOD, NOWAK, AND KEANE, JJ.

196 KA 19-00294

[*1]THE PEOPLE OF THE STATE OF NEW YORK, RESPONDENT,
v
ERROL POTTINGER, DEFENDANT-APPELLANT.

JULIE CIANCA, PUBLIC DEFENDER, SYRACUSE (BRADLEY E. KEEM OF COUNSEL), FOR DEFENDANT-APPELLANT. 
SANDRA DOORLEY, DISTRICT ATTORNEY, ROCHESTER (MARTIN P. MCCARTHY, II, OF COUNSEL), FOR RESPONDENT.

Appeal, by permission of a Justice of the Appellate Division of the Supreme Court in the Fourth Judicial Department, from an order of the Monroe County Court (Victoria M. Argento, J.), dated December 27, 2018. The order denied defendant's motion pursuant to CPL 440.10 to vacate the judgment convicting defendant upon a jury verdict of assault in the first degree (two counts), robbery in the first degree (two counts) and robbery in the second degree. 
It is hereby ORDERED that the order so appealed from is unanimously affirmed.
Memorandum: Defendant appeals from an order denying his CPL 440.10 motion to vacate a judgment convicting him, following a jury trial, of, inter alia, two counts each of assault in the first degree (Penal Law § 120.10 [1], [4]) and robbery in the first degree (§ 160.15 [1], [2]). We affirmed the judgment of conviction (People v Pottinger, 71 AD3d 1492 [4th Dept 2010], lv denied 15 NY3d 755 [2010]). On defendant's appeal from the initial order with respect to his CPL 440.10 motion, we reversed and remitted the matter for a hearing (People v Pottinger, 156 AD3d 1379 [4th Dept 2017]). Following the hearing, County Court again denied the motion, and we now affirm.
Contrary to defendant's contention, the court did not err in refusing to substitute new assigned counsel on the motion. The determination whether to substitute counsel lies within the discretion and responsibility of the motion court, which is required to consider a substitution "only where a defendant makes a seemingly serious request[ ]" (People v Porto, 16 NY3d 93, 100 [2010] [internal quotation marks omitted]; see People v Sides, 75 NY2d 822, 824 [1990]). We conclude that the court properly determined that defendant's request for a new attorney was not serious. Defendant's vague assertions did not indicate that there was a serious possibility of good cause for substitution (see People v MacLean, 48 AD3d 1215, 1217 [4th Dept 2008], lv denied 10 NY3d 866 [2008], reconsideration denied 11 NY3d 790 [2008]; People v Benson, 265 AD2d 814, 814-815 [4th Dept 1999], lv denied 94 NY2d 860 [1999], cert denied 529 US 1076 [2000]; cf. Sides, 75 NY2d at 824-825; People v Gibson, 126 AD3d 1300, 1302-1303 [4th Dept 2015]).
We further conclude that the court did not err in denying defendant's request for an adjournment of the hearing to secure testimony from an alleged alibi witness. The determination whether to grant an adjournment is a matter of discretion for the motion court (see generally People v Singleton, 41 NY2d 402, 405 [1977]). When seeking an adjournment to procure a witness, it is incumbent on a defendant "to show that the witness's testimony would be material, noncumulative and favorable to the defense" (People v Softic, 17 AD3d 1075, 1076 [4th Dept 2005], lv denied 5 NY3d 794 [2005]). Defendant has failed to meet his burden inasmuch as the testimony of that witness would have been cumulative to the testimony of defendant's trial attorney (see id.).
Finally, we reject defendant's contention that he was denied effective assistance of counsel at trial. " 'To prevail on a claim of ineffective assistance of counsel, it is incumbent on [the] defendant to demonstrate the absence of strategic or other legitimate explanations' for defense counsel's allegedly deficient conduct" (People v Cleveland, 217 AD3d 1346, 1349 [4th Dept 2023], lv denied 40 NY3d 933 [2023], lv denied 41 NY3d 942 [2024], quoting People v Rivera, 71 NY2d 705, 709 [1988]). Here, defendant failed to demonstrate the absence of a legitimate explanation for his trial counsel's failure to pursue an alibi defense (see People v Baldi, 54 NY2d 137, 147 [1981]; People v Conway, 148 AD3d 1739, 1744 [4th Dept 2017], lv denied 29 NY3d 1077 [2017]).
Entered: July 3, 2024
Ann Dillon Flynn
Clerk of the Court