People v Omar (2024 NY Slip Op 51598(U))

[*1]

People v Omar (Ahmed)

2024 NY Slip Op 51598(U)

Decided on November 25, 2024

Appellate Term, First Department

Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.

This opinion is uncorrected and will not be published in the printed Official Reports.

Decided on November 25, 2024
SUPREME COURT, APPELLATE TERM, FIRST DEPARTMENT

PRESENT: Hagler, P.J., Brigantti, James, JJ.

570413/18

The People of the State of New York, Respondent,
against
Ahmed Omar, Defendant-Appellant.

Defendant appeals from a judgment of the Criminal Court of the City of New York, New York County (Heidi C. Cesare, J.), rendered June 14, 2018, after a nonjury trial, convicting him of attempted assault in the third degree and harassment in the second degree, and imposing sentence.

Per Curiam.
Judgment of conviction (Heidi C. Cesare, J.), rendered June 14, 2018, affirmed.
The verdict convicting defendant of attempted assault in the third degree (see Penal Law §§ 110.00, 120.00[1]) and harassment in the second degree (see Penal Law § 240.26[1]) was supported by legally sufficient evidence and was not against the weight of the evidence (see People v Danielson, 9 NY3d 342, 348-349 [2007]). There is no basis for disturbing the court's credibility determinations. The evidence established that defendant slapped, kicked, spit on and grabbed his pregnant wife by the hair on a Manhattan sidewalk.
The court properly exercised its discretion in denying defendant's last-minute request for a two-week adjournment to obtain the presence of the victim (see e.g. People Fayton, 4 AD3d 143 [2004], lv denied 2 NY3d 799 [2004]). Defendant failed to establish that he exercised sufficient diligence in attempting to produce the witness, or that he would be able to produce the witness if his request was granted (see People v Foy, 32 NY2d 473, 478 [1973]). Defense counsel only indicated that a "contact person" for the witness was due to return to the United States in two weeks.
Nor does the record indicate that the witness was within the court's jurisdiction. Counsel believed the witness relocated to Egypt, was unable to locate her and did not know whether she was in Egypt or the United States (see People v Foy, 32 NY3d 473; People v O'Kane, 237 AD2d 205, 206 [1997], lv denied 90 NY2d 896 [1997]; People v Sepulveda, 176 AD2d 196, 197 [1991], lv denied 79 NY2d 864 [1992]). Given the vague nature of counsel's knowledge of the witness's whereabouts, the court was given no reason to believe that counsel would be able to [*2]locate her (see People v Acevedo, 295 AD2d 141 [2002], lv denied 98 NY2d 766 [2002]).
Defendant's argument that the court's ruling violated his constitutional right to present a defense is unpreserved and we decline to review it in the interest of justice. As an alternative holding, we also reject it on the merits for the reasons already stated.
THIS CONSTITUTES THE DECISION AND ORDER OF THE COURT.
I concur I concur I concur
Decision Date: November 25, 2024