People v Litolff (2026 NY Slip Op 01903)

People v Litolff

2026 NY Slip Op 01903

Decided on March 27, 2026

Appellate Division, Fourth Department

Published by New York State Law Reporting
Bureau pursuant to Judiciary Law § 431.

This opinion is uncorrected and subject to
revision before publication in the Official Reports.

Decided on March 27, 2026
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Fourth Judicial Department

PRESENT: CURRAN, J.P., BANNISTER, NOWAK, DELCONTE, AND
HANNAH, JJ.

956 KA 24-01050

[*1]THE PEOPLE OF THE STATE OF NEW YORK,
RESPONDENT,
vJOHN R. LITOLFF, DEFENDANT-APPELLANT. 

MULLEN ASSOCIATES PLLC, BATH (ALAN P. REED OF COUNSEL), FOR
DEFENDANT-APPELLANT.
ASHLEY J. WILLIAMS, DISTRICT ATTORNEY, GENESEO (VICTOR D.
ROWCLIFFE OF COUNSEL), FOR RESPONDENT. 

 Appeal from a judgment of the Livingston County Court (Jennifer M. Noto, J.),
rendered February 15, 2024. The judgment convicted defendant, upon a jury verdict, of
predatory sexual assault against a child and sexual abuse in the first degree. 
It is hereby ORDERED that the judgment so appealed from is unanimously
affirmed.
Memorandum: In this prosecution arising from allegations that defendant, inter alia,
vaginally raped the 10-year-old daughter of his girlfriend, defendant appeals from a
judgment convicting him, upon a jury verdict, of predatory sexual assault against a child
(Penal Law former § 130.96) and sexual abuse in the first degree (§ 130.65
[4]).
Defendant failed to preserve for our review his contention that County Court should
have recused itself (see People v
Pett, 74 AD3d 1891, 1892 [4th Dept 2010]; People v Lebron, 305 AD2d
799, 800 [3d Dept 2003], lv denied 100 NY2d 583 [2003]), and we decline to
exercise our power to review that contention as a matter of discretion in the interest of
justice (see CPL 470.15 [6] [a]).
Although defendant made only a general motion for a trial order of dismissal (see
People v Gray, 86 NY2d 10, 19 [1995]; People v Fowler, 239 AD3d 1444, 1444 [4th Dept 2025],
lv denied 44 NY3d 1011 [2025]), his contention that the People failed to present
legally sufficient proof as to the counts of predatory sexual assault against a child and
sexual abuse in the first degree is preserved inasmuch as " 'the question[s] now on appeal
w[ere] expressly decided by the court' " in ruling on the motion (People v Cleveland, 217 AD3d
1346, 1348 [4th Dept 2023], lv denied 40 NY3d 933 [2023], lv
denied 41 NY3d 942 [2024]). Defendant's contention nonetheless lacks merit. "Legal
sufficiency review requires that we view the evidence in the light most favorable to the
prosecution, and, when deciding whether a jury could logically conclude that the
prosecution sustained its burden of proof, [w]e must assume that the jury credited the
People's witnesses and gave the prosecution's evidence the full weight it might reasonably
be accorded" (People v
Allen, 36 NY3d 1033, 1034 [2021] [internal quotation marks omitted]). Viewed
in that light, contrary to defendant's contention, evidence at trial establishing his age at the
time of the rape and the testimony of the victim that he engaged in vaginal sexual contact
with her are legally sufficient to support the count of predatory sexual assault against a
child (Penal Law former § 130.96). Similarly, contrary to defendant's contention,
evidence that he touched the intimate part of the non-relative victim child gave rise to an
"inference that defendant was seeking sexual gratification" (People v Owens, 149 AD3d
1561, 1563 [4th Dept 2017], lv denied 30 NY3d 982 [2017]) and was thus
legally sufficient to support the count of sexual abuse in the first degree (Penal Law § 130.65 [4]; see § 130.00 [3]). The victim's inability to identify in
precisely which month the sexual assault occurred did not render the evidence legally
insufficient inasmuch as " '[t]he time of the offense is not a material element of the
offense and the [potential] variance is relatively [*2]minor' " (People v Jones, 37 AD3d 1111, 1112 [4th Dept 2007],
lv denied 8 NY3d 986 [2007]; see People v Coapman, 90 AD3d 1681, 1682 [4th Dept
2011], lv denied 18 NY3d 956 [2012]).
Contrary to defendant's contention, although "a different verdict would not have been
unreasonable inasmuch as this case rests largely on the jury's credibility findings with
respect to the testimony of the victim" (People v Zeitz, 148 AD3d 1636, 1637 [4th Dept 2017],
lv denied 29 NY3d 1089 [2017] [internal quotation marks omitted]), we
nevertheless conclude that, upon viewing the evidence in light of the elements of the
crimes as charged to the jury (see People v Danielson, 9 NY3d 342, 349 [2007]), the
verdict is not against the weight of the evidence (see generally People v Bleakley,
69 NY2d 490, 495 [1987]). Defendant's contention is based on the credibility of the
victim, and we conclude that the issues of credibility were " 'properly considered by the
jury and there is no basis for disturbing its determinations' " (People v Baez, 175 AD3d
982, 986 [4th Dept 2019], lv denied 34 NY3d 1015 [2019]; see People v Harrell, 235 AD3d
1294, 1298 [4th Dept 2025], lv denied 43 NY3d 1009 [2025]; People v Tetro, 175 AD3d
1784, 1788 [4th Dept 2019]).
Defendant's contention that he was denied his right to a trial by jury under
Apprendi v New Jersey (530 US 466 [2000]) because the prosecutor, and not the
jury, decided that he should be subjected to a greater penalty by prosecuting him for
predatory sexual assault against a child (Penal Law former § 130.96) rather than
rape in the first degree (former § 130.35), is not preserved for our review (see People v Lawrence, 81
AD3d 1326, 1326 [4th Dept 2011], lv denied 17 NY3d 797 [2011]; People v Phillips, 56 AD3d
1168, 1169 [4th Dept 2008], lv denied 11 NY3d 928 [2009]). In any event,
that contention is without merit inasmuch as defendant's conviction under Penal Law
former § 130.96 "did not increase the penalty for the crime of which defendant had
been convicted based upon facts that [the jury] did not find" (People v Collins, 85 AD3d
1678, 1679 [4th Dept 2011], lv denied 18 NY3d 993 [2012] [internal
quotation marks omitted]; see Lawrence, 81 AD3d at 1327).
Contrary to defendant's further contention that he was denied his right to a trial by
jury based on the testimony of an expert with respect to child sexual abuse
accommodation syndrome (CSAAS), "expert testimony concerning CSAAS is admissible
to explain the behavior of child sex abuse victims as long as it is general in nature and
does not constitute an opinion that a particular alleged victim is credible or that the
charged crimes in fact occurred" (People v Lathrop, 171 AD3d 1473, 1473 [4th Dept 2019],
lv denied 33 NY3d 1106 [2019] [internal quotation marks omitted]; see People v Ashton, 229 AD3d
1322, 1324 [4th Dept 2024], lv denied 42 NY3d 1018 [2024]). Here, the
expert's generalized testimony regarding the scientifically recognized pattern of secrecy,
helplessness, entrapment and accommodation experienced by child victims did not exceed
the permissible bounds (see Ashton, 229 AD3d at 1324; People v Meyers, 188 AD3d
1732, 1734 [4th Dept 2020]; see generally People v Nicholson, 26 NY3d 813, 828
[2016]).
Contrary to defendant's contention, we conclude that the evidence, the law, and the
circumstances of the case, viewed in totality and as of the time of the representation,
reveal that defense counsel provided meaningful representation (see generally People
v Baldi, 54 NY2d 137, 147 [1981]). Assuming, arguendo, that any of the prosecutor's
comments during summation were improper, we conclude that such improprieties "were
not so pervasive or egregious as to deprive defendant of a fair trial" (People v Holmes, 210 AD3d
1510, 1512 [4th Dept 2022], lv denied 39 NY3d 1073 [2023] [internal
quotation marks omitted]; see
People v Elmore, 175 AD3d 1003, 1005 [4th Dept 2019], lv denied 34
NY3d 1158 [2020]), and that defense counsel's failure to object to those comments did
not constitute ineffective assistance of counsel (see Elmore, 175 AD3d at 1005).
We also reject defendant's claims that his original defense counsel and substitute defense
counsel were ineffective for failing to make certain motions and preserve specific
objections inasmuch as "it is well settled that [a] defendant is not denied effective
assistance of trial counsel merely because counsel does not make a motion or argument
that has little or no chance of success" (People v Harris, 147 AD3d 1328, 1330 [4th Dept 2017]
[internal quotation marks omitted]; see People v Williams, 163 AD3d 1422, 1423 [4th Dept
2018]; People v Williams,
150 AD3d 1684, 1685 [4th Dept 2017], lv denied 29 NY3d 1095 [2017],
reconsideration denied 30 NY3d 954 [2017]). The remaining claims of ineffective
assistance set forth by defendant "are based largely on his hindsight disagreements with
defense counsel's trial strategies, and defendant failed to meet his burden of establishing
the absence of any legitimate explanations for those strategies" (People v Vicks, 232 AD3d
1255, 1256 [4th [*3]Dept 2024], lv denied 43
NY3d 947 [2025]; see People v
Avilez, 56 AD3d 1176, 1177 [4th Dept 2008], lv denied 12 NY3d 755
[2009]).
Finally, defendant's sentence is not unduly harsh or severe.
Entered: March 27, 2026
Ann Dillon Flynn
Clerk of the Court