OPINION OF THE COURT
Esther M. Morgenstern, J.
Issues Presented
I. Does the reduction of the charges, on the eve of trial, unconstitutionally deprive defendant of a jury trial?
II. Is the defendant entitled to a jury trial on the reduced charge?
III. Is the defendant, a New York City resident, denied the equal protection of the law when he is charged with a B misdemeanor and denied a jury trial?
Factual Background
The defendant was arraigned on January 24, 2000 on a felony complaint and charged with assault in the second degree (Penal Law § 120.05 [2]), assault in the third degree (Penal Law § 120.00 [1]), criminal possession of a weapon in the fourth degree (Penal Law § 265.01 [2]), menacing in the third degree (Penal Law § 120.15), and harassment in the second degree (Penal Law § 240.26 [1]).
On January 28, 2000, the case was adjourned to February 17, 2000 for Grand Jury action.
On February 17, 2000 the felony charge of assault in the second degree was dismissed leaving the misdemeanor charges pending. The People served and filed the supporting deposition of Cathy Burke converting the complaint into an information and declared their readiness for trial. The court adjourned the case to February 24, 2000.
On February 24, 2000 the case was adjourned for discovery by stipulation (DBS) to April 5, 2000, when DBS was served *280 and filed and the matter was adjourned for hearings and trial to May 18, 2000.
On May 18, 2000, the People announced they were not ready for trial and further reduced the “A” misdemeanors of assault in the third degree and criminal possession of a weapon in the fourth degree to attempted assault in the third degree, and attempted criminal possession of a weapon in the fourth degree, class “B” misdemeanors. The case was then adjourned for trial to June 8, 2000.
On June 8, 2000, defendant served and filed a motion to preclude the People from reducing the charges of assault in the third degree and criminal possession of a weapon in the fourth degree, or in the alternative, granting the defendant a jury trial on the reduced charges. Defendant maintains that allowing the People to reduce the charges on the eve of trial denies defendant the Sixth Amendment right to a trial by jury. Defendant further maintains that CPL 340.40 (2) is unconstitutional on its face, as it violates the Equal Protection Clause of the Fourteenth Amendment of the United States Constitution.
Issues
I. Does the reduction of the charges on the eve of trial unconstitutionally deprive defendant of a jury trial?
The People have the discretion to determine how and when to prosecute, including the right to reduce, add or amend charges. (People v Williams, 120 Misc 2d 68 [Crim Ct, Bronx County 1983].) The People may reduce an A misdemeanor to a B and decide, in the first instance, what charges to bring against a defendant. However, the People cannot withhold the actual charge in order to prevent the defense from building a strategy and amend the charge on the eve of trial, prejudicing the defendant. The People must act in good faith when adding or amending the charges. (People v Williams, supra.)
The proposition that the prosecutor has the right to take into account staffing and budgetary considerations in deciding which cases to subject to lengthy jury trials and which to reduce and dispose of as expeditiously as possible is not an absolute right. One such limitation on the prosecutor’s power to reduce arises when the prosecutor moves to reduce a felony to a misdemeanor. CPL 180.50 empowers the court to determine whether there is reasonable cause to believe the defen *281 dant committed an offense other than a felony. Another such limitation on the prosecutor’s power to reduce is the “doctrine of hypothetical crimes.” The hypothetical crime arises when the People reduce a charge from a completed crime to an attempted crime which is impossible to commit.
A plea to a hypothetical crime will be accepted by the court only for the purpose of a plea agreement, but not for the prosecution of the case itself. (People v Schmidt, 76 Misc 2d 976 [Crim Ct, Bronx County 1974]; see also, People v Howlett, 76 Misc 2d 801 [App Term, 1st Dept 1973] [convictions on the hypothetical crime of attempted resisting arrest were reversed as the court held that it was error to accept the reduction in the first instance].) There cannot be an “attempt” to commit a crime which is inherently illogical and impossible to commit.
Penal Law of 1909 § 2 defined an attempt to commit a crime as “[a]n act, done with intent to commit a crime, and tending but failing to effect its commission.” The drafters of the current Penal Law § 110.00 intentionally omitted the reference to lack of consummation because an attempt is no longer precluded by the fact that the crime was completed. Penal Law § 110.00 states in pertinent part: “A person is guilty of an attempt to commit a crime when, with intent to commit a crime, he engages in conduct which tends to effect the commission of such crime.” When the Legislature enacted section 110.00 of the Penal Law (L 1965, ch 1030) it omitted the requirement that in order for someone to be guilty of an attempt, the underlying crime must not have been consummated. The omission of this requirement permits the People to overprove their case, e.g., to prove the actual assault where a charge of attempted assault is brought. (See, Donnino, Practice Commentary, McKinney’s Cons Laws of NY, Book 39, Penal Law § 110.00, at 64.) Thus, in the case at bar, the People may properly reduce the charge from assault in the third degree to attempted assault in the third degree and criminal possession of a weapon to attempted criminal possession of a weapon.
The defendant maintains, however, that the People cannot reduce the charges on the eve of trial so as to deprive defendant of a jury trial. The defendant argues that the reduction of the charges on the eve of trial constitutes prosecutorial vindictiveness, prejudices the defendant and is an abuse of discretion. (People v Rodriguez, 124 Misc 2d 393 [Crim Ct, Bronx County 1984].) This court does not so hold.
The case at bar is distinguishable from Rodriguez (supra). The Rodriguez court held that a reduction on the eve of trial, *282 depriving the defendant of a jury trial, constituted abuse of prosecutorial privilege in the absence of good cause for such a belated reduction. Further, the charges were reduced from criminal possession of a controlled substance in the fifth degree to attempted possession, which would have arguably altered the defense strategy.
In the case at bar, this court holds that there was no abuse of prosecutorial privilege as the reduction of the charges was raised after the case had been adjourned for trial from May 18, 2000 to June 8, 2000, a period of three weeks. Furthermore, the case was reduced from a charge of assault in the third degree to attempted assault in the third degree, which is not inherently so different so as to alter the defense strategy. The People exhibited no vindictiveness in reducing the charge as they left ample time before trial for the defense to prepare a proper defense strategy, and they did not attempt to hide the true nature of the charge from the defense.
Furthermore, the mere act of reducing a charge from an A misdemeanor to a B misdemeanor does not in and of itself create a prejudice to the defendant. (See, People v Byrd, 124 Misc 2d 987 [Crim Ct, Kings County 1984] [the court held that the mere loss of the defendant’s opportunity for trial by jury when a charge of an A misdemeanor is reduced to a B misdemeanor does not constitute a prejudice to the defendant since the right to a jury arises from, and depends upon, the potential punishment after conviction, and a defendant facing a maximum penalty of 90 days’ imprisonment has no constitutional right to a jury trial].)
In Matter of Morgerithau v Erlbaum (59 NY2d 143 [1983]), the Court found that although earlier cases may have considered various factors of a crime (see, e.g., District of Columbia v Colts, 282 US 63 [1930]; Schick v United States, 195 US 65 [1904]; Natal v Louisiana, 139 US 621 [1891]; Callan v Wilson, 127 US 540 [1888]), recent Supreme Court decisions have emphasized the “length of sentence” to the exclusion of virtually all other criteria. The penalty is deemed of major relevance, a gauge of the locality’s social and ethical judgments on the heinousness of the offense (see, Duncan v Louisiana, 391 US 145, 159, 160). In ordinary criminal prosecutions, the severity of the penalty authorized, not the penalty actually imposed, is the relevant criterion. In such cases, the Legislature has included within the definition of the crime itself a judgment about the seriousness of the offense. (See also, People v Foy, 88 NY2d 742 [1996] [the determination as to whether a defendant *283 is constitutionally entitled to a jury trial hinges upon the seriousness of the offense, not the potential aggregate sentences for a series of petty offenses that may be consolidated for trial].)
II. Is the defendant entitled to a jury trial on the reduced charge?
The United States Supreme Court has held that the 14th Amendment guarantees defendants in State criminal trials the right to a jury trial provided for in the 6th Amendment (Duncan v Louisiana, 391 US 145 [1968], supra).
In the case at bar, the defendant has moved the court for an order granting a jury trial if the People are permitted to reduce to a B misdemeanor, on the grounds that CPL 340.40 (2) is unconstitutional on its face in that it is in violation of the Equal Protection Clause of the 14th Amendment and the 6th Amendment right to trial by jury by excluding defendants in New York City Criminal Courts from the same right to a jury trial afforded to defendants in criminal courts outside of New York City.
CPL 340.40 (2) states in pertinent part: “In any local criminal court a defendant who has entered a plea of not guilty to an information which charges a misdemeanor must be accorded a jury trial, conducted pursuant to article [360], except that in the New York city criminal court the trial of an information which charges a misdemeanor for which the authorized term of imprisonment is not more than six months must be a single judge trial.”
The statute distinguishes between defendants charged with misdemeanor crimes in the City of New York, and those charged with similar crimes outside of the five boroughs of New York City. Under the current law of the State, a defendant charged with a crime where the maximum period of incarceration is six months is entitled to a jury trial, except in the City of New York, where the trial shall be before a single Judge.
This issue has been decided by the Court of Appeals in Matter of Morgenthau v Erlbaum (supra), where the Court held that CPL 340.40 (2) does not violate the 6th Amendment as applied to a defendant charged with prostitution, inasmuch as prostitution in not a “serious” offense within the meaning of the 6th Amendment guarantee of trial by jury, as it is only punishable by a maximum of three months’ imprisonment. In Morgenthau, two women accused of prostitution moved for a *284 trial by jury. The defendants argued that CPL 340.40 (2) was unconstitutional since it deprived them of their 6th Aanendment right to a jury trial and denied them the equal protection of the law. The Criminal Court granted their motion although the sentence was not “serious” and therefore not protected under the 6th Amendment. The Court of Appeals rejected this argument and held that defendants were not entitled to a jury trial.
In the instant case, defendant maintains that the State of New York has failed to demonstrate a compelling State interest that would necessitate a disparity in the right to a jury trial for the people in New York City. Defendant’s undocumented and unsubstantiated claim is without merit. The use of single Judge trial in the City of New York is aimed at increasing the number of cases tried in Criminal Court. In selected cases, the prosecutor will move to reduce class A misdemeanors to class B misdemeanors in order to avoid time-consuming jury trials. Reduction of charges carries with it the additional benefit to the defendant by reducing exposure to punishment upon conviction (People v Byrd, supra).
While it is true that the right to a jury trial is fundamental in nature, the freeing up of the judicial resources of an already overcrowded court system is a necessary means toward the achievement of a compelling State interest, namely, the swift disposition of criminal cases. The Legislature has determined that jury trials place an imposing burden on the court system. The Legislature has further determined that denial of jury trials to persons within New York City charged with misdemeanors with maximum incarceration periods of six months or less is a compelling and necessary means toward the goal of eliminating court congestion.
The 6th Amendment of the United States Constitution guarantees a defendant the right to a trial by jury. However, the United States Supreme Court has held that this right is not accorded to all petty offenders. In deciding whether an offense is petty or serious the courts have focused their attention on the authorized penalty for the particular offense to determine if the severity is enough to mandate the use of the 6th Amendment right. (Duncan v Louisiana, 391 US 145, supra.) It was this focus on the “authorized penalty” that led the Court to state in Codispoti v Pennsylvania (418 US 506, 512 [1974]), “[0]ur decisions have established a fixed dividing line between petty and serious offenses: those crimes carrying a sentence of more than six months are serious crimes and those carrying a sentence of six months or less are petty crimes.”
*285 In the instant case, attempted assault in the third degree (Penal Law §§ 110.00, 120.00) is a class B misdemeanor punishable by up to 90 days, and as such is a petty offense within the meaning of the 6th Amendment with no right to a jury trial.
III. Is the defendant, a New York City resident, denied the equal protection of the law when he is charged with a B misdemeanor and denied a jury trial?
The defendant maintains that New York State has arbitrarily denied to persons committing crimes in New York City equal protection of the law. Defendant claims that CPL 340.40, which denies the right to a jury trial to persons charged with certain crimes in the five boroughs of New York City while according these rights to all other defendants, is unconstitutional. The defendant attempts to utilize the United States Supreme Court as a springboard stating that the Supreme Court has held that when fundamental rights are involved, the curtailment of those rights to some while granting them to others is proscribed absent a showing that the action taken was necessary to effectuate a compelling State interest. However, the Supreme Court has held that the right to a jury trial does not apply to all petty offenses and has defined a petty offense as an offense that carries a maximum penalty of six months. (See, Duncan v Louisiana, supra.) Furthermore, the Legislature has established that there is a compelling State interest in limiting the number of trials had in Criminal Court. To offer every petty offender in New York City the right to a jury trial would overburden the courts. The denial of jury trials to persons charged with misdemeanors with maximum incarceration periods of six months or less is a necessary means toward the goal of eliminating unmanageable court congestion. (See, L 1984, ch 673, § 2.)
Prior to the enactment of CPL 340.40, a defendant charged with certain misdemeanor crimes could elect to be tried before a three-Judge panel. The three-Judge panel that was authorized and used only in the New York City Criminal Court was provided as a substitute for jury trials. In light of Baldwin v New York (399 US 66 [1970]), requiring jury trials for serious offenses only, the basis for the three-Judge panel came to an end. In 1971 legislation provided for the end of the three-Judge panels in the City of New York for all misdemeanors, and *286 granted defendants in New York City the right to a jury trial for misdemeanors punishable by more than six months’ incarceration.
In 1984 the Legislature, in an effort to ease court congestion, temporarily divided class A misdemeanors into two categories by reducing the sentences to six months or less for a class of 27 A misdemeanors and eliminated jury trials for this class in cities with populations of 150,000 or more. (See, L 1984, ch 673.) This temporary legislation was extended annually until 1990, when it was permitted to expire, implying that the compelling interest for the current legislation is the prevention of the overcrowding of the court system.
Thus, as the law now stands, a defendant tried on an information outside the City of New York has a statutory right to a six-person jury for all misdemeanors regardless of the length of the authorized sentence (see, CPL 340.40 [2]; 360.10 [1]), although there is no Federal or State constitutional requirement of a jury trial for offenses punishable by six months or less, and a defendant tried in the City of New York has the right to a six-person jury only where the offense is punishable by a term of imprisonment in excess of six months (see, CPL 340.40 [2]; 360.10 [1]), to comply with the Federal constitutional requirement laid down in Baldwin v New York (supra).
In the case at bar, the reduced charges carry a maximum sentence of 90 days. The crime does not fall into the category of a serious offense and thus defendant is not entitled to a trial by jury. Further, defendant’s exposure to incarceration has been lessened by allowing the People to reduce to a B misdemeanor. Therefore, the court holds that defendant has not been denied his constitutional right to a jury trial.
Accordingly, defendant’s motion for an order precluding the People from reducing the charges or in the alternative granting the defendant a jury trial on the reduced charges is denied without a hearing.