[886 NE2d 142, 856 NYS2d 520]

THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v MARcos URBAEZ, Appellant.

Argued February 12, 2008; decided March 13, 2008

## APPEARANCES OF COUNSEL

*Legal Aid Society*, New York City (*Laura Lieberman Cohen* of counsel), for appellant.

*Robert T. Johnson, District Attorney*, Bronx (*Noah Chamoy, Allen Saperstein* and *Joseph N. Ferdenzi* of counsel), for respondent.

## OPINION OF THE COURT

MEMORANDUM.

The order of the Appellate Term should be affirmed.

On or about May 15, 2004, defendant placed a telephone call to the mother of his two teenage boys in which he threatened to withhold payment of child support, beat her, knock out her teeth and break her face. Based on that call, defendant was charged with aggravated harassment in the second degree, an A misdemeanor under Penal Law § 240.30 (1), and harassment in the second degree, a violation under Penal Law § 240.26 (1).

On the trial date some months later, the People moved to reduce the A misdemeanor to attempted aggravated harassment in the second degree, a B misdemeanor. Over defendant's objection that the People were reducing the charge simply to deny him his right to a trial by jury, the judge permitted reduction to the lesser-included offense. The People then renewed their plea offer of a violation conditioned on compliance with an order of protection, which defendant rejected. After a bench trial, defendant was convicted of both offenses and sentenced to a conditional discharge with an order of protection. Defendant now complains that he was wrongfully stripped of his right to a jury.

It is well established that a defendant's right to a jury trial attaches only to "serious offenses," not to "petty crimes" (*Callan v Wilson*, 127 US 540 [1888]), the determining factor being length of exposure to incarceration (*Matter of Morgenthau v Erlbaum*, 59 NY2d 143, 153 [1983]). No jury right attaches when maximum incarceration is six months or less (*Baldwin v New York*, 399 US 66 [1970]). When the charge is a misdemeanor for

which the authorized term of imprisonment is not more than six months—which includes all B misdemeanors having a maximum jail sentence of three months—New York City criminal courts must conduct a bench trial (CPL 340.40 [2]). Especially in New York City, with its high volume of misdemeanor cases, this statute furthers the important public interest of effective judicial administration.

The law also provides the prosecutor with broad discretion to decide what crimes to charge (*People v Eboli*, 34 NY2d 281 [1974]), including reducing a charge when appropriate. Beyond a desire to promote judicial efficiency, there are valid reasons a prosecutor might file an information for a more serious crime and subsequently seek to reduce the charge. A defendant's criminal history or prior relationship with a victim, the victim's own wishes, and the strength and veracity of the facts underlying the charge are examples of the many considerations that might, upon further investigation, lead a prosecutor to reduce a charge.

Here, defendant was charged with making one harassing telephone call. Following the reduction to the B misdemeanor, the prosecutor conveyed a plea offer of a violation with a conditional discharge and an order of protection. Even after defendant's conviction, the prosecutor's sentencing recommendation did not include incarceration. The judge, in turn, recognized the relatively nonserious nature of the crime when she sentenced defendant to a conditional discharge.

Chief Judge KAYE and Judges CIPARICK, GRAFFEO, READ, SMITH, PIGOTT and JONES concur.

Order affirmed in a memorandum.