■  THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v DOUNDLEY EDWARDS, Appellant. [871 NYS2d 92]—

Judgment, Criminal Division of the Supreme Court, Bronx County (Diane Kiesel, J.), rendered May 9, 2005, convicting defendant, after a nonjury trial, of attempted stalking in the fourth degree, attempted criminal contempt in the second degree and harassment in the second degree, and sentencing him to an aggregate term of 90 days, unanimously affirmed.

The trial court properly granted the People's motion to reduce the class A misdemeanor charges to class B misdemeanors, since such reductions were matters of prosecutorial discretion (*see People v Urbaez*, 10 NY3d 773, 775 [2008]). Defendant's other arguments related to the reduction are unpreserved and we decline to review them in the interest of justice. As an alternative holding, we find them without merit. Similarly unpreserved and meritless is defendant's claim that evidence of completed crimes was insufficient to establish attempted crimes (*see People v Burke*, 186 Misc 2d 278, 281 [Crim Ct, Kings County 2000]).

We also note that, by electing to proceed pro se, defendant did not exempt himself from any preservation requirements that would otherwise be applicable.

Since defendant improperly claims for the first time in his reply brief that there was no inquiry as to his waiver of the right to counsel at trial, we decline to review the issue (*see generally People v Napolitano*, 282 AD2d 49, 53 [2001], *lv denied* 96 NY2d 866 [2001]). In any event, defendant has failed to present an adequate record to overcome the presumption of regularity that attaches to judicial proceedings (*see People v Velasquez*, 1 NY3d 44, 48 [2003]).

The sentence was legally imposed. A presentence report was not required since defendant was convicted of misdemeanors and a violation, and his aggregate sentence did not exceed 90 days' imprisonment (CPL 390.20 [2]).

We have considered and rejected defendant's remaining claims. Concur—Lippman, P.J., Mazzarelli, Sweeny, DeGrasse and Freedman, JJ.