■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v PAUL WRIGHTON, Appellant. [918 NYS2d 724]—

Defendant argues that he was constitutionally entitled to a jury trial on the attempted sexual misconduct charge, even though it is a class B misdemeanor carrying a maximum sentence of 90 days, because the added consequence of registration as a sex offender allegedly takes the crime out of the petty offense category. However, at trial defendant raised a completely different argument, in which he made the unavailing (see People v Urbaez, 10 NY3d 773 [2008]) claim that the People's reduction of the original class A misdemeanor charges to attempts violated his right to a jury trial. Accordingly, his present claim is unpreserved and we decline to review it in the interest of justice. As an alternative holding, we reject it on the merits. "It is well established that a defendant's right to a jury trial attaches only to serious offenses, not to petty crimes, the determining factor being length of exposure to incarceration" (People v Urbaez, 10 NY3d at 774 [internal quotation marks and citations omitted]; see also People v Foy, 88 NY2d 742, 745 [1996]). "An offense carrying a maximum prison term of six months or less is presumed petty, unless the legislature has authorized additional statutory penalties so severe as to indicate that the legislature considered the offense serious" (Lewis v United States, 518 US

322, 326 [1996]). The requirement of registration under the Sex Offender Registration Act does not render an otherwise petty offense "serious" for purposes of the right to a trial by jury, as this requirement is not a penalty, but a remedial, collateral consequence of the conviction (*see People v Gravino*, 14 NY3d 546, 556-558 [2010]).

The verdict was not against the weight of the evidence (*see People v Danielson*, 9 NY3d 342, 348-349 [2007]). There is no basis for disturbing the court's credibility determinations. Concur—Mazzarelli, J.P., Saxe, Friedman, Acosta and Freedman, JJ.