■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v ERIC BENNETT, Appellant. [984 NYS2d 607]—

Appeal by the defendant from a judgment of the Supreme Court, Kings County (Balter, J.), rendered May 11, 2010, convicting him of attempted criminal possession of a forged instrument in the second degree, petit larceny, and criminal use of a public benefit card in the second degree, upon a jury verdict, and imposing sentence.

Ordered that the judgment is modified, on the law, by vacating the conviction of attempted criminal possession of a forged instrument in the second degree, vacating the sentence imposed thereon, and dismissing that count of the indictment; as so modified, the judgment is affirmed.

A court is authorized to submit to the jury a lesser-included offense in the alternative to the "greatest offense which it is required to submit" "if there is a reasonable view of the evidence which would support a finding that the defendant committed such lesser offense but did not commit the greater" (CPL 300.50 [1]; *see People v Butler*, 84 NY2d 627, 631 [1994]). "If the record demonstrates . . . some . . . rational basis on which the jury might reasonably discredit the proof which would establish defendant's commission of the greater crime, yet accept that of guilt of the lesser, then the statute compels submission of the lesser offense if requested" (*People v Scarborough*, 49 NY2d 364, 371 [1980]; *see People v Discala*, 45 NY2d 38, 43 [1978]). However, "[i]f there is no reasonable view of the evidence which would support such a finding, the court may not submit such lesser offense" (CPL 300.50 [1]).

Here, the trial court erred in submitting to the jury, over the defendant's objection, the crime of attempted criminal possession of a forged instrument in the second degree as a lesser-included offense of criminal possession of a forged instrument in the second degree. Viewed in the light most favorable to the defendant (*see People v Martin*, 59 NY2d 704, 705 [1983]), there is no reasonable view of the evidence which would support a finding that merely an attempt and not the completed crime had occurred (*see People v Wells*, 18 AD3d 482, 483 [2005]; *see also People v Kenny*, 101 AD3d 750, 751 [2012]; *cf. People v Alford*, 276 AD2d 797 [2000]).

The defendant's remaining contention is without merit. Balkin, J.P., Dickerson, Roman and Miller, JJ., concur.