■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v IRRAE DAVIS, Appellant. [995 NYS2d 532]—An appeal having been taken to this Court by the above-named appellant from a judgment of the Supreme Court, Bronx County (Caesar D. Cirigliano, J.), rendered on or about August 1, 2012, said appeal having been argued by counsel for the respective parties, due deliberation having been had thereon, and finding the sentence not excessive, it is unanimously ordered that the judgment so appealed from be and the same is hereby affirmed. Concur—Mazzarelli, J.P., Sweeny, Moskowitz, Richter and Feinman, JJ.

■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v RAYMOND MATA, Appellant. [995 NYS2d 75]—

Judgment, Supreme Court, Bronx County (Richard Lee Price, J.), rendered December 17, 2012, convicting defendant, after a nonjury trial, of attempted assault in the third degree, attempted criminal obstruction of breathing or blood circulation, and harassment in the second degree, and sentencing him to an aggregate term of 30 days, unanimously affirmed.

Whether or not the court properly admitted the 911 call and the victim's statement to the responding police, the admission of this evidence was harmless (*see People v Crimmins*, 36 NY2d 230, 242 [1975]).

Defendant was properly convicted of attempted criminal obstruction of breathing or blood circulation. In an exercise of prosecutorial discretion (*see People v Urbaez*, 10 NY3d 773 [2008]), the class A misdemeanor charges were reduced to attempts. Defendant argues that criminal obstruction of breathing or blood circulation (Penal Law § 121.11) is essentially an attempt to commit strangulation in the second degree (Penal Law § 121.12), rendering an attempt to commit the former crime nonexistent, as an "attempted attempt." However, criminal obstruction requires a specific intent, and it proscribes specific conduct committed with intent to achieve a certain result (*compare People v Campbell*, 72 NY2d 602, 605-607 [1988]). It is not an inchoate offense, and it may be committed by conduct that does not necessarily constitute an attempt to commit another crime. Concur—Mazzarelli, J.P., Sweeny, Moskowitz, Richter and Feinman, JJ.