The People of the State of New York, Respondent,
against
Mario Louis, Appellant.



Appeal from a judgment of the Criminal Court of the City of New York, Queens County (Michael J. Yavinsky, J.), rendered January 18, 2013. The judgment convicted defendant, after a nonjury trial, of attempted criminal obstruction of breathing or blood circulation, and harassment in the second degree.




ORDERED that the judgment of conviction is affirmed.
At a nonjury trial, the victim testified that, at approximately 5:00 a.m. on April 27, 2012, defendant, her husband, arrived at their home in Queens. The victim was in the bedroom together with their two-year-old daughter. Defendant became verbally abusive toward his wife, accusing her of cheating on him. Defendant appeared to be disheveled, and the smell of alcohol emanated from him. When the victim attempted to get up and leave the bedroom, defendant held her down, put his hands around her throat, and choked her with both hands, squeezing hard. The victim could "hardly breathe." Defendant let her go when the child woke up crying. The victim left the child with defendant while she went into the living room and called the police. She left the bedroom for approximately one minute.
Defendant testified that he left his home shortly after his wife had arrived home from work at approximately midnight, to clean his brother's house in Brooklyn. His brother paid him to do so. When defendant arrived home at approximately 5:00 a.m., the parties' child would not stop crying. Defendant took the child's clothes off to see if she was hurt. Defendant tugged at his wife's feet, and asked what was wrong with the child. His wife replied that she did not know. At approximately 5:25 or 5:30 a.m., defendant's wife stepped out of the bedroom. Defendant put his daughter on his shoulder and walked around the bedroom. At about that time, a police officer knocked on the door. He told defendant that his wife had called. Defendant claimed that he had never had a prior contact with the police.
It is undisputed that defendant and his wife had no reported history of domestic violence, and that the victim refused medical attention. It is further undisputed that defendant had been convicted, on November 25, 2008, upon a plea of guilty, of attempted endangering the welfare of a child.
Following the trial, the Criminal Court found defendant guilty of attempted criminal obstruction of breathing or blood circulation (Penal Law §§ 110.00, 121.11 [a]), and harassment in the second degree (Penal Law § 240.26 [1]).
On appeal, defendant claims that the verdict was against the weight of the evidence, as his [*2]wife's testimony was not credible. In particular, defendant asserts that his wife refused medical attention, and it is implausible that she would leave their child with defendant, who had just choked her, to call the police. Defendant further claims that attempted criminal obstruction of breathing or blood circulation (Penal Law §§ 110.00, 121.11 [a]) is not a cognizable crime, because criminal obstruction of breathing or blood circulation is, in effect, attempted strangulation, and there cannot be a crime that is an attempt to commit an attempt.
In conducting an independent review of the weight of the evidence (see People v Danielson, 9 NY3d 342, 348 [2007]), this court accords great deference to the factfinder's opportunity to view the witnesses, hear their testimony, and observe their demeanor (see People v Mateo, 2 NY3d 383 [2004]; People v Bleakley, 69 NY2d 490, 495 [1987]; People v Zephyrin, 52 AD3d 543 [2008]). Upon a review of the record, we find that the verdict of guilt was not against the weight of the evidence (see People v Romero, 7 NY3d 633 [2006]).
We note that defendant testified that he had never had a prior contact with the police, yet the parties stipulated that defendant had been convicted in 2008 of attempted endangering the welfare of a child. Thus, defendant's testimony was, at the very least, not entirely credible.
Defendant's contention that attempted criminal obstruction of breathing or blood circulation (Penal Law §§ 110.00, 121.11) is not a cognizable crime is without merit (see People v Mata, 122 AD3d 450 [2014]; see also People v Aponte, 16 NY3d 106, 109 [2011]; People v Saunders, 85 NY2d 339, 343 [1995]).
Accordingly, the judgment of conviction is affirmed.
Pesce, P.J., Aliotta and Solomon, JJ., concur.
Decision Date: June 23, 2016