The People of the State of New York, Respondent,
against
Peter Gorgenyi, Appellant.




Pipenger Law Office P.C. (Steve Pipenger, Esq.), for appellant.
District Attorney Kings County (Leonard Joblove, Jodi L. Mandel, Ian Massar of counsel), for respondent.

Appeal from a judgment of the Criminal Court of the City of New York, Kings County (Curtis J. Farber, J.), rendered October 23, 2015. The judgment convicted defendant, after a nonjury trial, of harassment in the second degree.




ORDERED that the judgment of conviction is affirmed.
Following a domestic altercation with his then live-in companion, the People initially charged defendant with, among other things, assault in the third degree (Penal Law § 120.00 [1]), menacing in the third degree (Penal Law § 120.15), criminal obstruction of breathing or blood circulation (Penal Law § 121.11 [a]), and harassment in the second degree (Penal Law § 240.26 [a]). On the eve of the trial, the People filed a prosecutor's information charging defendant with attempted criminal obstruction of breathing or blood circulation (Penal Law §§ 110.00, 121.11 [a]), menacing in the third degree and harassment in the second degree. At the People's request, all the other charges were dismissed. Following a nonjury trial, the Criminal Court convicted defendant of harassment in the second degree and acquitted him of the remaining counts. 
"[A] defendant's right to a jury trial attaches only to serious offenses, not to petty crimes" (People v Urbaez, 10 NY3d 773, 774 [2008] [internal quotation marks omitted]). Because the People reduced the charge of criminal obstruction of breathing or blood circulation, a "serious" offense (a class A misdemeanor), for which the maximum incarceration is a year, to the attempt [*2]thereof, "a petty" offense (a class B misdemeanor), for which the maximum incarceration is three months, the right to a jury trial no longer attached (see CPL 340.40 [2]). Defendant's claim that the reduction was designed to deprive him of his right to a jury trial and represented an abuse of prosecutorial discretion is unpreserved for appellate review as the defense made no objection on those grounds at the time of the proposed reduction (see CPL 470.05 [2]; People v Mejia, 122 AD3d 495 [2014]). In any event, we note that, generally, a prosecutor has "broad discretion to decide what crimes to charge" (People v Urbaez, 10 NY3d at 775; see also People v Mata, 122 AD3d 450, 450 [2014] [the reduction of a charge of criminal obstruction of breathing or blood circulation to the attempt of same represented "an exercise of prosecutorial discretion"]; People v Edwards, 58 AD3d 412, 412 [2009] ["reductions (of charges from class A to class B misdemeanors are) matters of prosecutorial discretion"]).
Defendant's general allegation of evidentiary insufficiency, that is, without a claim specifically directed at an identified insufficiency of proof, failed to preserve any legal sufficiency claim for appellate review (see CPL 470.05 [2]; People v Hawkins, 11 NY3d 484, 492 [2008]; People v Gray, 86 NY2d 10, 19 [1995]). Further, in conducting an independent review of the weight of the evidence (see CPL 470.15 [2]; People v Danielson, 9 NY3d 342, 348 [2007]), this court accords great deference to the factfinder's opportunity to view the witnesses, hear their testimony, and observe their demeanor (see People v Lane, 7 NY3d 888, 890 [2006]; People v Mateo, 2 NY3d 383, 409 [2004]; People v Bleakley, 69 NY2d 490, 495 [1987]). We weigh the relative probative force of conflicting testimony and the relative strength of conflicting inferences that may be drawn from the testimony. We must then determine, based on the credible evidence, whether a different result would not have been unreasonable (see People v Bleakley, 69 NY2d at 495). Upon this record, we find that the Criminal Court's acceptance of so much of the complainant's testimony as established that defendant subjected her to physical contact, or threatened same, and thereby caused her annoyance and alarm, was entirely reasonable, notwithstanding that defendant's conduct did not rise to the level of obstructing her breathing or blood circulation, or placing her in fear of physical injury.
Defendant also contends that his acquittal of menacing in the third degree and of attempted obstruction of breathing or blood circulation necessarily represents the rejection of evidence, on credibility grounds, of proof that he committed the offense of harassment in the second degree of which he was convicted, and that the acquittals were were repugnant to the latter conviction. However, the claim is not preserved for appellate review (see CPL 470.05 [2]; People v Alfaro, 66 NY2d 985, 987 [1985]). Such claim must be made after the verdict is rendered when it is possible to remedy the defect, in the case of a nonjury trial, by asking the court to reconsider its verdict (People v Alfaro, 66 NY2d at 987; People v Johnson, 93 AD3d 408, 409 [2012]), for example, by a motion pursuant to CPL 330.30 (e.g. People v Jenkins, 300 AD2d 751, 753 [2002]; People v Baldwin, 130 AD2d 666, 667-668 [1987]). In any event, we would find no repugnancy (see generally People v Bowen, 53 Misc 3d 149[A], 2016 NY Slip Op 51657[U] [App Term, 2d Dept, 2d, 11th & 13th Jud Dists 2016]).
Accordingly, the judgment of conviction is affirmed. 
PESCE, P.J., WESTON and ELLIOT, JJ., concur.
ENTER:
Paul Kenny
Chief Clerk
Decision Date: September 29, 2017