The People of the State of New York, Respondent,
against
Christopher Brodeur, Appellant.




Appellate Advocates (Bryan D. Kreykes of counsel), for appellant.
Kings County District Attorney (Loenard Joblove, Joyce Slevin and John C. Carroll of counsel), for respondent.

Appeal from a judgment of the Criminal Court of the City of New York, Kings County (Michael J. Yavinsky, J.), rendered May 22, 2013. The judgment convicted defendant, after a nonjury trial, of attempted criminal contempt in the second degree, and imposed sentence.




ORDERED that the judgment of conviction is affirmed.
On August 31, 2009, the People charged defendant, in an information, with criminal contempt in the second degree (Penal Law § 215.50 [3]), aggravated harassment in the second degree (Penal Law § 240.30 [1] [b]), and harassment in the second degree (Penal Law § 240.26 [1]), based on allegations that defendant had violated a Criminal Court order of protection. During pretrial proceedings, the Criminal Court granted the People's application to reduce the counts of criminal contempt in the second degree and aggravated harassment in the second degree to the attempts to commit those offenses (Penal Law §§ 110.00, 215.50 [3]; 110.00, 240.30 [1] [b]), over defendant's objection that the reductions violated his right to a jury trial, and later granted defendant's motion to dismiss the counts of attempted aggravated harassment in the second degree and harassment in the second degree. After a nonjury trial, defendant was convicted of attempted criminal contempt in the second degree. On appeal, defendant argues that the reduction of the charge of criminal contempt in the second degree, a class A misdemeanor, to attempted criminal contempt in the second degree, a class B misdemeanor, was done simply to [*2]deprive him of his right to a jury trial and to try him on a lesser included offense which he could not have committed without also having committed the greater offense.
"The law . . . provides the prosecutor with broad discretion to decide what crimes to charge including reducing a charge when appropriate" (People v Urbaez, 10 NY3d 773, 775 [2008] [citation omitted]), and since there is no right to a jury trial for a class B misdemeanor (see CPL 340.40 [2]), no trial right is denied by a reduction thereto from a charge where the right attaches (see e.g. People v Mejia, 122 AD3d 495 [2014]; People v Mata, 122 AD3d 450, 450 [2014]; People v Wrighton, 82 AD3d 608, 608 [2011]; People v Edwards, 58 AD3d 412, 412 [2009]; People v Gorgenyi, 57 Misc 3d 137[A], 2017 NY Slip Op 51298[U], *1 [App Term, 2d Dept, 2d, 11th & 13th Jud Dists 2017]; People v Hendrick, 19 Misc 3d 132[A], 2008 NY Slip Op 50621[U], *1 [App Term, 1st Dept 2008]), absent a showing that a conviction of the reduced charge "carries the potential penalty of deportation" (see People v Suazo, ___ NY3d ___, 2018 NY Slip Op 08056, *1 [2018]). No such showing has been made here. Further, " '[w]hen two or more statutes make punishable the same conduct, it is generally left to the People, in their discretion, to choose which offense to charge' " (People v Grant, 151 AD3d 883, 884 [2017], quoting People v Safran, 113 AD3d 878, 879 [2014]; see also People v Lawrence, 81 AD3d 1326, 1326 [2011] [prosecutorial discretion applies "(w)here the elements of two crimes overlap"]). Contrary to defendant's contentions, the principles that apply when a determination is made whether to submit a lesser included offense to a factfinder, that is, whether there exists a "reasonable view of the evidence which would support a finding that merely an attempt and not the completed crime had occurred" (People v Bennett, 117 AD3d 747, 747 [2014]), do not apply in the present context. 
Accordingly, the judgment of conviction is affirmed.
PESCE, P.J., ELLIOT and SIEGAL, JJ., concur.
ENTER:
Paul Kenny
Chief Clerk
Decision Date: January 11, 2019