People v Carlos D.G. (2021 NY Slip Op 00028)





People v Carlos D.G.


2021 NY Slip Op 00028


Decided on January 05, 2021


Appellate Division, First Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided and Entered: January 05, 2021

Before: Webber, J.P., Singh, Kennedy, Shulman, JJ. 


Ind No. 050127/15 Appeal No. 12788 Case No. 2018-2151 

[*1]The People of the State of New York, Respondent,
v
Carlos D.G., Defendant-Appellant.


Janet E. Sable, The Legal Aid Society, New York (Paul Wiener of counsel), for appellant.
Cyrus R. Vance, Jr., District Attorney, New York (Rachel Bond of counsel), for respondent.



Judgment, Supreme Court, New York County (Gilbert Hong, J.), rendered October 21, 2016, convicting defendant, after a nonjury trial, of sexual abuse in the third degree, adjudicating him a youthful offender, and sentencing him to 1 year of probation and 10 days of community service, unanimously affirmed.
Defendant did not preserve his claim that he was entitled to a jury trial notwithstanding his status as a mandatory youthful offender (see People v Wrighton, 82 AD3d 608 [1st Dept 2011], lv denied 17 NY3d 810 [2011]), and we decline to review it in the interest of justice. As an alternative holding, we reject it on the merits.
By misdemeanor complaint, defendant was charged with forcible touching and sexual abuse in the third degree. Forcible touching is a class A misdemeanor. While the charge of forcible touching carries a maximum sentence of one-year incarceration, since defendant was a mandatory youthful offender under CPL 720.20(1)(b), the maximum sentence was six months incarceration (Penal Law § 60.02[1]). Based upon the maximum authorized sentence (CPL 340.40[1]) and defendant's status as a mandatory youthful offender (CPL 340.40[1],[7]), the trial was required to be a nonjury trial.
Although the case was tried in Supreme Court, the matter was transferred from Criminal Court without an indictment, and Supreme Court was operating as a local criminal court pursuant to a general administrative order. THIS CONSTITUTES THE DECISION AND ORDER
OF THE SUPREME COURT, APPELLATE DIVISION, FIRST DEPARTMENT.
ENTERED: January 5, 2021