People v Hoyt (2022 NY Slip Op 22313)

People v Hoyt

2022 NY Slip Op 22313 [77 Misc 3d 1]

Accepted for Miscellaneous Reports Publication

Supreme Court, Appellate Term, First Department

Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.

As corrected through Wednesday, December 14, 2022

[*1]

The People of the State of New York, Respondent,
v
Kenneth Hoyt, Appellant.

Supreme Court, Appellate Term, First Department, October 6, 2022

APPEARANCES OF COUNSEL

Center for Appellate Litigation, New York City (Elvira Razzano of counsel), for appellant.
Alvin Bragg, District Attorney, New York City (Franklin Guenthner of counsel), for respondent.

{**77 Misc 3d at 2} OPINION OF THE COURT

Per Curiam.

Judgment of conviction (Charlotte E. Davidson, J.), rendered December 9, 2019, affirmed.
Defendant was charged with one count of public lewdness, a class B misdemeanor carrying a maximum sentence of three months (see Penal Law §§ 245.00, 70.15 [2]), and one count of exposure of a person, a violation carrying a maximum sentence of 15 days (see Penal Law §§ 245.01, 70.15 [4]). Pursuant to the {**77 Misc 3d at 3}version of CPL 340.40 (2) then in effect,[FN*] the trial was required to be a nonjury trial, because the maximum authorized term of imprisonment was "not more than six months" (former CPL 340.40 [2]; see People v Urbaez, 10 NY3d 773 [2008]).
We reject, as did Criminal Court, defendant's contention that he was entitled to a jury trial under the Sixth Amendment to the United States Constitution because a conviction herein would violate his federal supervised release (which had been imposed for his prior federal conviction), and result in a federal sentence of at least 18 months.
In People v Suazo (32 NY3d 491 [2018]), the Court of Appeals held that a defendant charged with an offense subject to a maximum authorized term of incarceration of six months or less is entitled to a jury trial under the Sixth Amendment only if said defendant "can demonstrate that any additional statutory penalties, viewed in conjunction with the maximum authorized period of incarceration, are so severe that they clearly reflect a legislative determination that the offense in question is a serious one" (People v Suazo, 32 NY3d at 497 [internal quotation marks omitted], quoting Blanton v North Las Vegas, 489 US 538, 543 [1989]). Suazo further held that where, as here, the right to a jury trial is based upon a "federally imposed penalty," defendant must show that the penalty "invariably flows" from the state conviction (id. at 506 n 7).
Defendant failed to make the required demonstration. Unlike Suazo, where there was a [*2]congressional determination that the conduct underlying the charged misdemeanor offenses was sufficiently serious to warrant the "severe" penalty of deportation of defendant Saylor Suazo, a noncitizen (id. at 499), here, there was no such legislative determination. The federal sentence defendant herein faced was not based upon a legislative determination regarding the seriousness of the underlying conduct. Rather, the sentence was based upon defendant's breach of the conditions of his supervised release, regardless of the nature or seriousness of the offense. Indeed, under the Federal Sentencing Guidelines, any "conduct constituting . . . a federal, state, or local offense punishable by a term of imprisonment of one year or less" constitutes a grade C violation of defendant's supervised release (United States{**77 Misc 3d at 4} Sentencing Commission, Guidelines Manual § 7B1.1 [a] [3] [Nov. 2021]).
Moreover, defendant's federal prison time does not "invariably flow[ ]" from any conviction herein (Suazo at 506 n 7) and is therefore not properly part of the constitutional jury right inquiry (id. at 505-506). Unlike Suazo, where deportation was held to be a "virtually inevitable or practically automatic result" of the conviction (id. at 506 [internal quotation marks and citation omitted]), here, any additional federal prison time defendant faced was not virtually inevitable or automatic. Upon a finding that defendant violated his supervised release, the federal court had discretion to revoke or extend the release, or modify the conditions, but was not required to do so (see United States Sentencing Commission, Guidelines Manual §§ 7B1.1 [a] [3]; 7B1.3 [a] [2] [Nov. 2021]; see also 18 USC § 3583 [e]).
Accordingly, defendant failed to establish his right to a jury trial for the charged petty offenses.
Brigantti, J.P., Tisch and Michael, JJ., concur.

Footnotes

Footnote *:The New York State Legislature subsequently amended CPL 340.40 (2), effective July 1, 2022, and extended the right to a jury trial to all misdemeanors.