People v Bland (2025 NY Slip Op 50784(U))

[*1]

People v Bland (LaMon)

2025 NY Slip Op 50784(U) [85 Misc 3d 143(A)]

Decided on May 19, 2025

Appellate Term, First Department

Published by New York State Law Reporting
Bureau pursuant to Judiciary Law § 431.

This opinion is uncorrected and will not be
published in the printed Official Reports.

Decided on May 19, 2025

SUPREME COURT, APPELLATE TERM, FIRST
DEPARTMENT

PRESENT: Hagler, P.J., Tisch, James, JJ.

570391/19

The People of the State of New
York Respondent,

against

LaMon Bland,
Defendant-Appellant.

Defendant appeals from a judgment of the Criminal Court of the City of New York,
New York County (Heidi C. Cesare, J.), rendered May 14, 2019, after a nonjury trial,
convicting him of two counts of stalking in the fourth degree and harassment in the
second degree, and imposing sentence.

Per Curiam.

Judgment of conviction (Heidi C. Cesare, J.), rendered May 14, 2019, affirmed.

The verdict convicting defendant of two counts of stalking in the fourth degree
(see Penal Law § 120.45 [1], [3]) and harassment in the second degree
(see Penal Law § 240.26 [3]) was supported by legally sufficient evidence
and was not against the weight of the evidence. There is no basis for disturbing the
court's determination concerning credibility, including its rejection of defendant's
testimony (see People v
Danielson, 9 NY3d 342, 348—349 [2007]). The evidence presented by
the People established all required elements of the offenses, including that defendant
engaged in a months-long course of conduct against his father-in-law and mother-in-law,
causing them to fear for their jobs and physical safety, and that defendant was previously
clearly informed to cease that conduct (see People v Stuart, 100 NY2d 412, 428
[2003]; People v Angel, 37
Misc 3d 127[A], 2012 NY Slip Op 51882[U] [App Term, 1st Dept 2012]).
Furthermore, defendant's intent to "harass, annoy or alarm" (Penal Law § 240.26)
could be inferred from his conduct (see People v Mack, 76 AD3d 467, 468 [2010], lv
denied 15 NY3d 922 [2010]; People v Correa, 75 AD3d 478 [2010], lv denied 15
NY3d 892 [2010]).

We reject, as did Criminal Court, defendant's contention that he was entitled to a jury
trial under the Sixth Amendment to the U.S. Constitution. The maximum prison term
defendant faced was not long enough to avoid the initial presumption that the charged
class B misdemeanor offenses were petty under the law then in effect (see CPL
§ 340.40 [2]; People v
Urbaez, 10 NY3d 773, 774-775 [2008]), and he failed to "demonstrate that any
additional statutory penalties, viewed in conjunction with the maximum authorized
period of incarceration, are so severe that they clearly reflect a legislative determination
that the offense in question is a 'serious' one" (People v Suazo, 32 NY3d 491, 497 [2018]; quoting
Blanton v City of North Las Vegas, Nev., 489 US 538, 543 [1989]). The revocation
of defendant's law licence is not statutory and would not directly flow from a
misdemeanor conviction (see 22 NYCRR 1240.12; US v LaValley, 957
[*2]F2d 1309, 1313 [6th Cir 1992], cert denied
506 US 972 [1992]; see also People v Suazo, 32 NY3d at 505-506, 506 n 7; People v Hoyt, 77 Misc 3d
1, * 3 [App Term, 1st Dept 2022], lv denied 39 NY3d 1073 [2023]; People v Cathlin, 76 Misc 3d
137[A], 2022 NY Slip Op 50985[U], * 2 [App Term, 1st Dept 2022], lv denied
39 NY3d 1077 [2023]).

We have considered and rejected defendant's remaining arguments.

THIS CONSTITUTES THE DECISION AND ORDER OF THE COURT.

I concur I concur I concur
Decision Date: May 19, 2025